F. J. McMILLAN v. MORGAN EDWARDS and another.

A sheriff executed and delivered to the plaintiff a deed for certain lands, sold under execution, of which the plaintiff became the purchaser.  This deed from the sheriff was lost before registration; whereupon the plaintiff brought an action against the sheriff and the party in possession of the land, seeking to compel the execution of another deed, and to recover possession of the land: *Held,* (1.) That the title to land does not pass, until the registration of the deed.  (2.) That it was *not error* for the plaintiff, in the same action, and at the same time, to demand the execution of another deed, to be made effectual by registration, and also for the possession of the land.   And (3.) That the sheriff was a proper party to the action.

(*Wilson* v. *Sparks,* 72 N. C. Rep. 208; *Hogan* v. *Strayhorn,* 65 N. C. Rep. 279; *Triplett* v. *Witherspoon,* 74 N. C. Rep. 475; cited and approved.)

CIVIL ACTION, tried before FURCHES, J., at Spring Term, 1876, of ALLEGHANY Superior Court.

The complaint alleges substantially the following facts:

That the plaintiff is the owner of the *locus in quo*, consisting of about five hundred acres of land.

Said land was sold under execution against one Archibald Edwards, who was the owner thereof at the time of said sale, and was purchased by the plaintiff.

That the sheriff of said county executed a deed conveying said land to the plaintiff, and that the deed has been lost or mislaid. Said deed has never been registered.

That the defendant is in possession of the *locus in quo* and withholds the same from the plaintiff.

The defendants answered the complaint denying the material allegations of the complaint.

The defendant, Wyatt, who was sheriff at the time of the sale under execution, answered admitting the sale and the execution of the deed, and offered to execute another deed for the land.

The defendant, Edwards, moved the Court to dismiss the action on the ground that the complaint did not state facts sufficient to constitute a cause of action, and because the Sheriff was improperly made a party to the action.

His Honor being of opinion with the defendant, judgment of non-suit was rendered, and the plaintiff appealed.

*Armfield and Folk*, for the appellants.
*M. S. McCorkle* and *Smith & Strong*, contra.

BYNUM, J. If the allegations of the complaint are true, and the deed from the sheriff had been registered, the plaintiff would be entitled to recover in this action. The title to land does not pass until the registration of the deed. Bat. Rev., chap. 35, sec. 1. *Wilson* v. *Spanks*, 72 N. C. Rep., 208 ; *Hogan* v. *Strayhorn*, 65 N. C. Rep., 279 ; *Triplett* v. *Witherspoon*, 74 N. C. Rep., 475. It was the duty of the sheriff not only to execute the deed, but such a deed as would be effectual to pass all the interest of the defendant, subject to sale

and that was sold under the execution. If by loss of the deed before registration, it failed to pass the title, it would seem clearly to be the duty of the sheriff to execute another and still another, until by registration the sheriff, who is an officer of the law charged with the duty, had made a deed effectual to convey the interest sold under the execution. This, generally, he would be compellable to do.

If the action here had been ejectment, under the old system, the plaintiff, to recover, must have shown a legal title existing at the commencement of the action. But now, both legal and equitable rights are administered in the same action, and no sufficient reason can be assigned why the plaintiff may not, at the same time and in the same action, ask for the execution of another deed, to be made effectual by registration and also for the possession of the land. It is true the deed must be executed before the title to the land can be tried, but this makes it necessary only to stay the trial for the land until the deed is established. It is competent for the plaintiff to set up the lost deed by proving the loss and establishing a copy, but here the sheriff, who is a party to the action, offers to execute another deed, to which there seems no valid objection.

The objection made here that two distinct and independent causes of action are joined, is not raised by answer or demurrer, as required by the Code, and, therefore, need not be considered. But there is no ground for the objection, under this section of the Code: " The plaintiff may unite in the same complaint several causes of action, whether they be such as have been heretofore denominated legal or equitable or both, when they arise out of the same transaction; or transactions connected with the same subject of action." This action falls within the provision.

So in regard to parties defendant; the sheriff had executed the lost deed to the plaintiff, and whether his purpose was to set up a copy, or to call for the execution of another

deed in place of the lost one, it was equally competent if not necessary to join the sheriff as a party defendant.

It was error in his Honor to direct a non-suit. The judgment is reversed, but the trial for the land will be stayed until the sheriff shall execute another deed for it. This will be certified.

PER CURIAM.                                    *Venire de novo.*