J. L. G. ENGLAND and others v. EDMUND GARNER and others.

*Pleading— Complaint—Demurrer.*

A complaint containing several causes of action, to wit: 1. To impeach and set aside a decree for fraud and imposition. 2. To annul deeds executed by a commissioner to purchasers of land sold under the decree. 3. To recover possession of the land and to have an account of the rents and profits. 4. And for an injunction against waste, is not demurrable for misjoinder of separate causes of action.

(*Long* v. *Swindell*, 77 N. C., 176; *McMillan* v. *Edwards*, 75 N. C., 81; *Bank* v. *Harris*, 84 N. C., 206; *Young* v. *Young*, 81 N. C., 91, cited and approved.

CIVIL ACTION tried at Spring Term, 1882, of MOORE Superior Court, before *Shipp, J.*

The defendants appealed.

*Mr. John Manning*, for plaintiffs.
*Messrs. Hinsdale & Devereux*, for defendants.

SMITH, C. J.   The facts set out in the complaint and ad-
mitted by the demurrer are these:

James W. England, who removed from this state in 1836
to Alabama, died in 1849 intestate, seized of an estate in
fee in the three several tracts of land described therein and
situated in Moore county, which descended to his five chil-
dren and heirs at law, to-wit: Thomas H. England, Mary
E., who intermarried with A. Hutchison; Cornelia, succes-
sively the wife of one Evans, and upon his death, of J. W.
Crawford; Julia, who married C. C. Curtis, and J. L. G.
England, born after his father's change of residence.   In the
court of equity of Moore, at spring term, 1860, a petition
for partition and sale of the lands was filed in the names of
the said Thomas H. England, who died in 1864 intestate
and without issue, James L. G. England, A. Hutchison, who
died in 1865, and Mary E., his wife, J. W. Crawford and
wife Cornelia, both since deceased, the latter having died in
1860, leaving the plaintiff J. W. Evans, her son and only
heir at law, and C. C. Curtis and wife Julia, who died in
1874, leaving two children, the plaintiffs M. E. Curtis and
A. B. Curtis.   A decree granting the prayer of the petition-
ers was rendered at the same term, pursuant to which the
lands were sold by the clerk and master and subsequently
conveyed to the several purchasers and for the sums follow-
ing:

1. The tract of 550 acres, for $366, to H. D. McNeill.

2. The tract of 118 acres, for $430, to Edmund Garner.

3. The tract of 200 acres for $200, to N. R. Brady, the
two last named being defendants in the action.

At fall term, 1861, the commissioner was directed to col-
lect and pay over the purchase money to the heirs.   The
cause remained on the docket, so far as appears, without
further action until the fall of 1867, when a rule issued
against the several purchasers requiring each to pay into
the office the sum due by him.   They severally appeared

and answered the rule, and for cause shown it was discharged as to Garner and Brady at spring term, 1868, and as to McNeill at fall term, 1871, since which time the cause has been retired and, as was held when the case was before us at January term, 1881, on a motion for relief, the proceeding then came to an end. See 84 N. C., 212. McNeill has sold the tract bought by him to the defendant Brady. It is charged that the defendants are committing waste upon their several tracts, and are insolvent.

These are the material facts averred in the complaint and necessary to its being properly understood.

The plaintiffs, in whom vests the title to the lands, if the proceedings in the court of equity and the subsequent deeds shall be declared inoperative and void, assert that the suit for the sale and partition was instituted and prosecuted without authority from the persons who were then owners and tenants in common, and without the knowledge or consent of any of them, or of the present plaintiffs who succeed to their ancestors' estates, and that their first information of what had been done was derived through one Martindale, who communicated to them the matters which appear of record in the said court, in the year 1874, and that none of the interested parties were aware of the use of their names or gave any assent thereto, unless perhaps the said J. W. Crawford, and he gave no information thereof to the others. The plaintiffs further declare that no part of the purchase money has been received by any of the tenants.

The object of the present action is to impeach and annul the several decrees made in the court of equity for fraud, to set aside the several conveyances under which the defendants claim to derive title, to compel the restoration of the lands with an account of rents, profits and spoliation, and meanwhile for an injunction to prevent the commission of further waste.

The demurrer, interposed as a defence, is for an alleged

misjoinder of separate and distinct causes of action as improperly associated under the Code, and these are thus specified:

1. To impeach and set aside the several decrees for fraud and imposition;

2. To annul the several deeds executed by the commissioner to the purchasers at his sale;

3. To annul the subsequent deed from McNeill to the defendant Brady;

4. For the recovery of possession of the land and an account of the rents, profits and damages; and

5. For a perpetual injunction against waste.

The objection for duplicity rests upon a misapprehension of the nature and scope of the action, as disclosed in the complaint, and is not supported by its allegations. The essential and primary relief sought is the setting aside the decrees, and, this done, the other demands follow as a matter of course. They do not themselves constitute separate causes of action capable of severance and of being independently prosecuted, but are inseparably connected with the first.

As these supposed causes of action cannot be divided and separately pursued, as may be done, when they are improperly united, under the order of the judge according to section 131 of the Code, the complaint cannot be obnoxious to the imputation of duplicity. Whether the plaintiffs are entitled to the full measure of relief demanded in the one suit, or the additional allegations upon which the demands are made are to be regarded as superfluous, they should not be denied relief from a decree which undertakes to alienate their estates and was procured by fraud practiced upon the court in which it was rendered. It will be sufficient hereafter to consider whether they can proceed and recover the lands and compensation for use and spoliation in the same, or must resort to other actions.

24

The demurrer seems to proceed, not so much from a supposed multifarious statement of facts, but rather from the numerous forms of relief demanded. But if these demands be incongruous, this is not a sufficient reason for withholding the remedy to which the plaintiffs are entitled, and refusing the other demands. There is no want of unity in the action, and if the obstacle presented in the judicial proceeding is removed, the consequent restoration of title to the land to its wronged owners will involve all the results which are detailed in the complaint as the basis for further and full redress. The cases cited for the appellees fully sustain the ruling of His Honor in the court below—*Long* v. *Swindell,* 77 N. C., 176; *McMillan* v. *Edwards,* 75 N. C., 81; *Bank* v. *Harris,* 84 N. C., 206; *Young* v. *Young,* 81 N. C., 91.

In affirming the judgment of the court in overruling the demurrer, we intend to express no opinion upon the merits of the case made in the complaint and of the plaintiffs' equity, and only reiterate, what was said in the former appeal, the reluctance of the court to disturb judicial proceedings after a long period to the injury of innocent persons who have confided in the integrity of the action of the court, and that it will interfere when such consequences are to follow, only " upon the clearest proof."

There is no error, and this will be certified.

No error.                                        Affirmed.