C. J. COWLES v. H. W. HARDIN and others.

*Evidence to establish lost deeds.*

1. The private act of 1873 to restore the records of Watauga county, which were destroyed by fire, is not a repeal, but in aid of the common law rules for establishing lost deeds, and a party may elect to proceed under either mode.

2. Where a deed in such case is proved to have been destroyed, the contents, probate and registration thereof may be established by secondary evidence, and the register of deeds is a competent witness to prove its destruction, contents, &c.

(*Bason* v. *Mining Co.*, 90 N. C., 417; *Dumas* v. *Powell*, 3 Dev., 103; *Baker* v. *Webb*, 1 Hay., 43, (55); *Nicholson* v. *Hilliard*, 2 Murp., 270; *Freeman* v. *Hatley*, 3 Jones, 115, cited and approved.)

EJECTMENT, tried at Spring Term, 1883, of WILKES Superior Court, before *Graves, J.*

The plaintiff claimed that he was the owner of forty-five acres of land as described in the complaint, embraced in two grants, one for twenty-five and the other for twenty acres. And as to the twenty-five acre tract he alleged that it had been granted to one Holdsclaw, and by him conveyed to one Cousins, and from Cousins he proposed to show a regular chain of title to himself.

He also alleged that the deed from Holdsclaw to Cousins had been duly registered, and that the deed and the book in which it was registered had been destroyed by fire. He tendered as a witness one Presnell, the present register of deeds for Watauga county, where the land is situate, and where this action was originally commenced, who stated he had been register of deeds for Watauga county for many years, and was proceeding to prove these facts when objection was made by the defendants. His Honor ruled that the plaintiff could not prove by oral testimony that said deed had been duly proved and registered. The plaintiff's counsel stated that as the deed and registration thereof were destroyed by fire when the court house was burned, it was impossible for him to produce any other evidence of these facts; but His Honor ruled that the plaintiff must proceed under a certain private act of sssembly for Watauga county, passed in 1873, relating to the destruction of the records of that county.

In deference to this opinion, the plaintiff submitted to a judgment of nonsuit and appealed.

No counsel for plaintiff.
*Mr. D. G. Fowle,* for defendants.

ASHE, J. His Honor seems to have fallen into the error in holding, that the act of 1873, passed for the purpose of

restoring to the county of Watauga the records which were destroyed by fire, was a repeal of the common law rules for establishing lost deeds, such as had been destroyed by time or accident.   We have no idea the legislature had any such intention in the enactment of that statute.   Instead of repealing the common law in such cases, it was intended to be in aid of the common law, *Bason* v. *Mining Co.*, 90 N. C., 417, so as to enable those, among others, whose evidences of title to real property had been destroyed, instead of relying upon the slippery memory of witnesses whose testimony may be lost in a few years in a course of nature, to have the means of perpetuating the muniments of their titles.

A party, whose deed with its registration had been destroyed, had his election to proceed to have his burnt deed again made a matter of record, by complying with the provisions of the act of 1873, or to depend upon the rules of the common law to establish the contents of his deed, when an occasion might arise that made it necessary for him to produce it in evidence.   When a deed is lost or destroyed, there is no question its loss and contents may be proved by secondary evidence; but in all cases the best evidence, of which the nature of the case will admit, must be produced— a copy, for instance, if there be one, but if none, then parol evidence of its contents may be given.   *Dumas* v. *Powell*, 3 Dev., 103; *Baker* v. *Webb*, 1 Hay., 43 (55); *Nicholson* v. *Hilliard*, 2 Murp., 270.

If a party, as is decided by these authorities, upon proof of the loss or destruction of a deed, may establish the contents by secondary evidence, it would seem to follow, as a necessary corollary, that he might also prove its registration, as without registration it could not be offered in evidence.

The case of *Freeman* v. *Hatley*, 3 Jones, 115, is an authority for this position.   That is an analagous case.   There, as here, the court house and register's books of Montgomery

county had been burned, and on the trial it became necessary for the plaintiff to introduce, in support of his title, a
deed from one Carson to William Thornton.   The plaintiff,
as in this case, had recourse to secondary evidence, and
introduced a copy of the deed with the certificate of the register endorsed that it was a true copy, and that the original
deed had been duly registered in said county.   The objection
was there raised by the defendant that this was no evidence
that the deed had ever been proved or acknowledged.   Thereupon the plaintiff introduced the register as a witness, who
testified that he was register at the date of the deed, and
had been ever since, and that he had never registered a deed
unless it had been proved.   This court, in the opinion delivered by Chief Justice PEARSON, recognized the testimony
of the register as competent.   He said : " We have come to
the conclusion that the proof set out above, with the aid of
the maxim *omnia præsumuntur*, &c., is sufficient to show that
the original deed had been duly proved and registered.
From the fact of its having been registered and the *oath* of
James M. Lilly, who, fortunately for the plaintiff, has been
register during the whole time, we think there is a clear
presumption (the loss of the deed having been satisfactorily
established) that it was proved and ordered to be registered."

If the register is a competent witness to prove the probate
of the deed, there can be no reason why he is not also competent to prove its registration.

When secondary evidence is resorted to for proof of an
instrument which has been lost or destroyed, there must, in
the first place, be some evidence that the instrument once
existed, though slight evidence is sufficient for that purpose;
then, if lost, that diligent search has been made for it without success; but if destroyed, proof of the destruction is
sufficient.   And, ordinarily, the party who proposes to use
the instrument in deduction of his title must prove the loss

COWLES *v.* HARDIN.

or destruction by his own affidavit, unless the instrument at the time of its destruction was in the custody of another, and then it must be proved by him who was the depositary of it at the time of its destruction. After such proof is offered to the court, and not till then is evidence admissible of its contents, its execution and registration. But the execution will be presumed from the registration, as was held in *Freeman* v. *Hatley, supra,* upon the maxim *omnia præsumuntur rite acta esse,* especially where there is other evidence tending to the same end.

In the case before us, the plaintiff proposed to prove by the register of Watauga county that the deed from Holdsclaw to Cousins, under which he claims title, together with the book in which it was registered, had been destroyed by fire. The evidence is certainly competent. If the deed when registered was left in the register's office, as is often the case, the register was the proper person to prove its destruction and its registration ; and it may be, the plaintiff relied upon his testimony to prove the contents. But however that may be, we are of opinion that His Honor acted prematurely in sustaining the objection of the defendants ; otherwise the witness Presnell may have been able to prove all the facts which were necessary for the plaintiff to supply the absence of the deed.

There is error. This opinion must be certified to the superior court of Wilkes county that a *venire de novo* may be awarded.

Error. *Venire de novo.*