D. S. JENNINGS v. JAMES W. REEVES et al.

*Actions, joinder of—Deeds—Re-execution—Evidence—Registra-
tion—Cancellation.*

1. A plaintiff, in the same action, may unite a demand for the re-exe-
   cution of an unregistered lost deed and for the possession of the
   land embraced therein.

2. Parol evidence, from the necessity of the thing, is competent to prove
   the contents and execution of a lost unregistered deed.

3. A vendor and vendee may rescind a conveyance of land, before a pre-
   bate and registration thereof, by a return of the consideration and
   surrender of the deed, provided third parties have not acquired an
   interest in the estate of the vendee.

4. The statute—Chap. 147, Laws 1885—in relation to the registration of
   deeds has no application to lost or destroyed deeds.

This is a CIVIL ACTION, which was tried before *Clark, J.*, at
Spring Term, 1888, of the Superior Court of WILKES County.

The complaint alleges, in substance, that in 1860 the
defendant, Daniel Jennings, made and executed a deed, con-
veying the lands mentioned in the complaint to his son, D.
S. Jennings, in fee simple; that D. S. Jennings, the grantee,
died in the year 1863, intestate, and the plaintiff is his only
child and heir-at-law; that after the death of D. S. Jennings,
the defendant, Daniel Jennings, procured said deed, without
the knowledge or consent of the plaintiff, who was then an
infant of tender age, and caused the same to be destroyed,
and that said deed had never been proved and registered;
and demands judgment that the plaintiff be declared the
owner of the land, for possession and general relief.

The material allegations of the complaint were denied.

Upon the trial the plaintiff offered to prove the execution
and destruction of said deed by oral testimony, and defend-
ant objected to this evidence upon the ground that plaintiff
could not set up a lost and unregistered deed in an action of

ejectment; that if plaintiff had the deed, it would not be competent evidence, the same never having been proved and registered. The Court overruled the objection, and the defendant excepted, and the testimony was admitted.

After the plaintiff had closed his evidence, the defendant, J. M. Reeves, offered in evidence a deed from the defendant Daniel Jennings to James G. Absher for twenty-five acres of the land mentioned in plaintiff's complaint, dated 26th February, 1873, and thence by a succession of *mesne* conveyances in fee, derived title to himself, dated August 4th, 1883; a deed from Daniel Jennings to W. B. Segrist, dated August 27th, 1875, and deeds thence to defendants Brown & Long, dated, respectively, in 1875 and 1881, which cover and convey the other twenty-five acres of the lands in dispute, in fee simple, were also introduced.

The defendants asked the Court to charge the jury, that if plaintiff was allowed to set up the deed to D. S. Jennings, the grantee of the defendant Daniel, by parol, that plaintiff could not recover under the act of 1885, which provided that deeds should only take effect and pass title from and after registration. The Court remarked that he would submit the facts to the jury, reserving the question of law, and thereupon submitted, with assent of both parties, to the jury the following issue, to-wit:

Did the defendant Daniel Jennings, about 1860, execute to his son, D. S. Jennings, a deed in fee simple to the lands described in the complaint?

Answer, " Yes."

The Court charged the jury, among other things, that if they were satisfied by a preponderance of the evidence, that about 1860 the alleged deed was executed by defendant Daniel Jennings to his said son, and after the death of son defendant Daniel Jennings got possession of the deed and destroyed it, to respond " Yes " to the issue, otherwise to answer " No."

To the issue submitted the jury responded " Yes," and the Court, after considering the question of law reserved, gave judgment for the plaintiff, and the defendant appealed.

*Mr. R. B. Glenn*, for the plaintiff.
*Mr. D. M. Furches*, for the defendants.

DAVIS, J. (after stating the case.)   The record presents two exceptions, the first to the parol evidence offered to prove the execution and destruction of the deed from Daniel Jennings to D. S. Jennings, and the second to the refusal of the Court to charge as requested.

As to the first exception :   From the very nature of the allegation, if proved at all, it must be by parol evidence ; but it is said this cannot be done in an action of ejectment, and the deed, before it can be offered in evidence, must first be established in a direct proceeding for that purpose and registered.   It has been frequently held otherwise, and decrees for possession and for title have been made upon parol proof, both in Courts of Equity under the old practice and in actions for the possession of land under the present law. *Love* v. *Belk*, 1 Ired. Eq., 163 ; *Plummer* v. *Baskerville*, Ibid, 252; *McCain* v. *Hill*, 2 Ired. Eq., 176 ; *McMillan* v. *Edwards*, 75 N. C., 81 ; *Davis* v. *Enscoe*, 84 N. C., 396 ; *Cowles* v. *Hardin*, 91 N. C., 231; *Phifer* v. *Barnhart*, 88 N. C., 333, and cases cited therein.   It has been held that before probate and registration a vendor and vendee may rescind a contract by a return of the consideration to the vendee by the vendor and a surrender of the deed to the vendor by the vendee (*Love* v. *Belk*, *supra*); but this must be by agreement, and even by agreement, if third parties have acquired any interest or equity in the estate of the vendee, that interest cannot be defeated by such a redelivery and surrender of the deed, and certainly

101—29

the right of the vendee cannot be defeated by any act of the vendor in destroying the deed against or without the vendee's consent.

In *Triplett* v. *Witherspoon,* 74 N. C., 475, cited by counsel for the defendants, the well settled principle that a deed cannot be used to support a title or be read in evidence till proved and registered is settled, but it is there also said, " one of two things is necessary to be done before the legal title can vest in the plaintiffs : set up the lost deed and register a copy, or declare the defendants trustees for them and compel a conveyance of the legal title." It will be seen upon an examination of the judgment of his Honor that it decreed a conveyance of the legal title as indicated in the second alternative. In *McMillan* v. *Edwards,* 75 N. C., 81, also cited by counsel for defendants, the plaintiff sought to recover possession of the land purchased under execution, the deed for which had been lost or mislaid, and the Court said : "If the action had been ejectment, under the old system, the plaintiff, to recover, must have shown a legal title existing at the commencement of the action. But now both legal and equitable rights are administered in the same action, and no sufficient reason can be assigned why the plaintiff may not, at the same time and in the same action, ask for the execution of another deed, to be made effectual by registration, and also for the possession of the land."

It is quite clear that under section 267 of *The Code,* the plaintiff can unite, in the same action, a demand for the execution of a deed and for possession of the land, while under the old system the lost or destroyed deed could only be established in a Court of Equity, where a decree for title and such other relief as might be proper could be made and enforced according to the practice of that Court.

In regard to the exception to the charge of the Court, the same reasons for admitting parol testimony to establish a lost or destroyed deed apply. If the plaintiff *had* a deed

which could be registered, and failed to have it registered, undoubtedly the registration act of 1885 would apply, and the objection would avail the defendants, but the allegation is that the deed was destroyed, and the relief sought being equitable, the statute does not apply.

In *Phifer* v. *Barnhart, supra,* quoting *Walker* v. *Coltraine,* 6 Ired. Eq., 79, RUFFIN, Judge, says: " It was declared to be an error to say that an unregistered deed conveys only an equity, that it is a legal conveyance, which, although it cannot be given in evidence until registered, and is therefore not a perfect legal title, yet has an operation as a deed from its delivery, and it was emphatically said, the ignorance of such a title in one, who might afterwards buy the land, could not impair it," and it was held that such a deed could be set up in equity.

It has been held in *Cowles* v. *Hardin,* 91 N. C., 231; *Mobley* v. *Watts,* 98 N. C., 284, and other cases, that the statutory provisions for restoring burnt and lost records (*The Code,* chap. 8) do not repeal the " common law rules for establishing lost deeds, such as have been destroyed by time or accident," and it is equally clear that chapter 147, Acts of 1885, has no application to lost or destroyed deeds, which of course cannot be registered, and which can only be established by a judgment of the Court.

There is no error.

Affirmed.