STEPHEN SHERMAN v. J. F. SIMPSON.

*Action to Enforce Specific Performance of Contract for Sale of Land—Description in Contract—Vague and Indefinite Description—Parol Testimony.*

A description of land contained in a contract for its sale was "A certain tract or parcel of land lying between P's. land and C's. Creek and the old mill land." *Held*, that such description was not too vague and indefinite to be explained by parol testimony fitting the description to the land.

CIVIL ACTION to enforce specific performance of a contract for the sale of land by defendant to plaintiff, tried before *Coble, J.*, and a jury at September Term, 1896, of SAMPSON Superior Court. There was judgment for the plaintiff and defendant appealed.

121—17

SHERMAN *v.* SIMPSON.

*Mr. F. R. Cooper,* for defendant (appellant).
No counsel *contra.*

FAIRCLOTH, C. J.: The only question is the sufficiency of the description of the land in the written agreement. This exception is by appeal from the judgment which contains the description as follows: "A certain tract or parcel of land lying between R. P. Paddison's land and Colvin's Creek and the old mill-race." In the contrariety of decisions on this subject it is manifest that this Court has endeavored to carry into effect the intention of the parties according to the right and justice of each case, when it can be done without violating any well settled principle of law.

When the descriptive words in a deed or other writing are of doubtful import, parol proof is heard, not to add to or enlarge their scope, but to fit the description to the thing described, and this is allowed on the principle of *"Id certum est quod certum reddi potest."* When the words found in the deed are too vague to be thus explained, the deed or instrument is void in that respect. In *Perry* v. *Scott*, 109 N. C., 374, the descriptive words were: "On the South side of Trent river, adjoining the lands of Colgrove, McDaniel and others, containing 360 acres more or less," and it was held that parol proof might be heard to aid in fitting these words to the object described in the deed.

In *Wilkins* v. *Jones,* 119 N. C., 95, the words were: "Thirty acres of land situated in Stony Creek township, adjoining the lands of the late James Woodruff, James Carter Jones and Richard Barnes," and his Honor held that the descriptive words were too vague and indefinite to be explained by parol testimony; *Held,* to be error and a new trial was ordered. These cases are direct authority for the case before us and the judgment is affirmed.

Affirmed.