HATCHER v. HATCHER.

(November 20, 1900.)

1. *Deeds—Probate—Acknowledgment —Registration—Partition.*

> Where probate of deed recites the acknowledgment and privy examination of the wife of the grantor only, it is insufficient and does not authorize registration.

2. *Deeds—Probate—Evidence—Competency.*

> Where probate of deed is insufficient, it is competent to prove acknowledgment of grantor before Justice of the Peace, if the deed is in evidence, or there is an averment that the deed is lost.

CIVIL ACTION by William Hatcher and I. H. Hatcher against B. H. Hatcher, Betsy Wilkins, Tempie Hatcher, and

others, heard by Judge *George H. Brown, Jr.,* at Fall Term, 1900, of CUMBERLAND Superior Court. From judgment of nonsuit, plaintiffs appealed.

*George M. Rose,* and *Robinson & Shaw,* for plaintiffs.
*N. A. Sinclair;* and *D. T. Oates,* for defendants.

CLARK, J.   This is a petition for partition, transferred upon issue of *sole seisin* to the Superior Court.   This assimilates the proceeding to an action in ejectment.   *Alexander v. Gibbon,* 118 N. C., 796.   The plaintiffs claim their interest under a deed as to which the acknowldgment and privy examination of the wife of the grantor were duly taken by a Justice of the Peace, but he failed to enter any acknowledgment by the grantor himself.   In that condition the probate was adjudged in due form by the clerk, and the deed ordered to registration, and registered.   It is clear that there were no valid probate and registration as to the grantor therein. *Todd v. Outlaw,* 79 N. C., 235 ; *Duke v. Markham,* 105 N. C., 131.   At the trial, the plaintiffs attempted to offer direct proof of execution as at common law.   To that end they offered the deposition of the Justice of the Peace, tending to show that the grantor did acknowledge the execution to him, but by inadvertence he failed to enter it with the acknowledgment and privy examination of the wife.   It would be competent to prove execution by such acknowledgment if the deed had been produced in court.   The deposition of the Justice of the Peace was competent, it being under circumstances authorizing a deposition to be used.   But the deed was not in court, and, strangely enough, the plaintiffs offered to prove by their oath that the deed had never been in their possession.   If the plaintiffs had amended their complaint in the Superior Court to aver loss of the deed, they could have joined a prayer to set up such lost deed with a demand for

partition. *England v. Garner,* 86 N. C., 366, and other cases ctied in Clark's Code, sec. 267 (1). But there is no such averment, and in the absence of the deed itself, the plaintiffs could not be allowed to prove the execution of the deed by direct proof.

The nonsuit is affirmed.