HINTON v. MOORE.

(Filed September 12, 1905).

*Ejectment—Descriptions in Deeds—Parol Evidence—Connor Act—Unregistered Lost Deeds—Purchasers for Value.*

1. In an action of ejectment, the plaintiff who has an equitable interest in the property can recover against a wrongdoer.

2. A deed from a trustee which not only refers to the deed of trust as containing the land the trustee sold, but goes on with a fuller description, as follows: "A tract of land up the Mill Pond Road of 60 acres more or less, being all said W owned adjoining R and others' lands," is sufficient to permit parol evidence in aid of the description.

3. The Connor Act (Laws 1887, chapter 47,) applies both to lost and unlost deeds executed after December 1, 1885, and there was no error in rejecting parol evidence to show that plaintiff's grantor deeded the land in controversy to W in 1891 and that said deed had been lost before registration, where plaintiff was a purchaser for value of said title under registered conveyances.

ACTION of ejectment by John L. Hinton against Acom Moore, heard by *Judge B. F. Long* and a jury, at the March Term, 1905, of the Superior Court of PASQUOTANK County.

The ordinary issues in ejectment were submitted. Evidence was introduced by the plaintiff tending to establish his claim. The defendant offered no testimony.

The court charged the jury that the affirmative of all the issues was on the plaintiff and he must satisfy the jury by the greater weight of the testimony as to his allegations on each and all of the issues, and that if the jury believed the evidence they should answer the first and second issues "yes." The defendant in apt time excepted, and noted other exceptions on the trial to which reference will be made. There

was a verdict for the plaintiff and from the judgment thereon the defendant appealed.

*Pruden & Pruden* and *Shepherd & Shepherd* for the plaintiff.

*Aydlett & Ehringhaus* for the defendant.

HOKE, J., after stating the case: There was evidence to the effect that the title to the land in dispute was in one J. L. Williams. The plaintiff claimed to derive his title from said Williams in two ways: First (a) deed of trust from J. L. Williams to C. Guirkin, dated February 23, 1887; (b) deed from M. L. Guirkin, administratrix of C. Guirkin, dated October 2, 1889, recorded March 11, 1904. Second, (a) deed of trust from J. L. Williams to C. L. Hinton, dated October 30, 1897; (b) deed from C. L. Hinton to the plaintiff, dated October 22, 1899, recorded January 15, 1901. This action was commenced September 2, 1903.

It is not necessary to pass upon the objections made by defendant to the first line of deeds offered and relied upon by plaintiff, because, in the opinion of the court, the plaintiff has made out his case under and by virtue of the deed from the trustee, C. L. Hinton, bearing date October 22, 1899, and duly registered January 15, 1901.

If, as defendant contends, there has been no proper foreclosure of the Guirkin deed of trust, then the deed from C. L. Hinton, trustee, if valid, would convey to plaintiff an equitable interest in the property which would give him the right to recover against a wrong doer. *Murray v. Blackledge,* 71 N. C., 492; *Arrington v. Arrington,* 114 N. C., 116; *Watkins v. Manufacturing Co.,* 131 N. C., 536.

Defendant contends that the deed from C. L. Hinton, trustee, is defective because the description is too vague and indefinite to permit the introduction of parol testimony to identify the property, and objected to the introduction of

the deed on that account, and the evidence offered and admitted in aid of the deed.

The court is of opinion that the objection is not well taken.. The deed from the original owner, J. L. Williams, to C. L. Hinton, trustee, describes the land as 66 acres of land, more or less, lying on Mill Pond Road, and being the same set over to him (J. L. Williams) in the division of his father's land.

The partition proceedings of his father's land shows lot No. 3 awarded to J. L. Williams and contains a plat of this lot of land, giving proper metes and bounds. The description in this deed is complete.

The deed from C. L. Hinton, trustee, not only refers to the deed of trust as containing the land the trustee sold, but goes on with a fuller description as follows: "A tract of land up the Mill Pond Road of 60 acres, more or less, being all said J. L. Williams owned adjoining Ivey Roach and others' lands." The language of the deed was such as to permit parol evidence in aid of the description and the evidence offered was sufficient, if believed, to identify the property. *Perry v. Scott,* 109 N. C., 374; *Wilkins v. Jones,* 119 N. C., 96; *Sherman v. Simpson,* 121 N. C., 129.

Defendant further offered parol evidence to show that J. L. Williams, under whom plaintiff claimed, conveyed the land in controversy to one T. J. Williams by deed bearing date 1891; that said deed had been lost before registration, and had never been registered.

On objection, this evidence was excluded and defendant excepted. There is neither allegation, claim nor evidence tending to connect defendant with this alleged lost deed, and the evidence, if competent, must be so declared on the ground that the same tends to show that J. L. Williams, under whom plaintiff claims, had no title at the time he attempted to convey same to C. L. Hinton, trustee.

Under our present registration law, chapter 47, Laws

1885, registration is not necessary to the validity of a deed for valuable consideration, effective under the Statute of Uses, as between the parties. (In cases where livery of seisin was formerly required, registration still supplies the place of that ceremony. Act 1885, chapter 47, section 3).

The registration law, chapter 147, Laws 1885, commonly known as the Connor Act, expressly repeals section 1275 of The Code, and provides that no conveyance of land, etc., shall be valid to pass property as against creditors or purchasers for valuable consideration, etc., but from the registration. The act simply applies to deeds after a certain date, the law which then existed as to mortgages and deeds of trust being section 1254 of The Code.

If plaintiff was claiming the land otherwise than as a creditor or purchaser for valuable consideration, the position taken by defendant could be sustained and the ruling of His Honor in rejecting the proposed evidence would be erroneous.

The alleged lost deed, however, has never been registered. The plaintiff is a purchaser of the title of James L. Williams, under registered conveyances and for valuable consideration, and by the very terms of the registration act the lost deed could not avail to defeat plaintiff's title even if established. The proposed evidence was therefore immaterial and there was no error in rejecting it.

The court is referred to the case of *Jennings v. Reeves*, 101 N. C., 447, as authority against the position here declared. In *Jennings v. Reeves* both the language of the head note and of the opinion would seem to permit the interpretation claimed for them by defendant, but the facts of the case show that the unregistered lost deed which was there upheld bore date in 1860, and by one of the provisos of the Connor Act, that act, under certain circumstances, was not to apply to deeds bearing date prior to December 1, 1885.

The decision in *Jennings v. Reeves* was no doubt made on

the facts of that case as applied to deeds executed prior to the date stated, and will not sustain defendant in the case we are now considering. In the present case all of the deeds relevant to this controversy are dated since December 1, 1885. They are governed by the express and direct regulations in the body of the Connor Act, and the terms of the provisos in no way affect them.

If, however, the interpretation put upon the authority cited by defendant be the true one, the court would not hesitate to declare that the case in this respect is not well decided.

It would go far to destroy the beneficent effects contemplated and resulting from the Connor Act to establish as a general principle the exception that said act did not apply to lost deeds. No doubt, if a claimant should lose his deed before registration, he might protect his title by action properly commenced and filing notice of *lis pendens*. But under all ordinary circumstances, and in the absence of some such procedure as suggested, the registration laws will apply both to lost and unlost deeds executed after the date stated, December 1, 1885.

The alleged lost deed, therefore, would not avail the defendant if it were established because same had never been registered, and there was no error in rejecting the evidence offered on that question.

There is no error, and the judgment must be
Affirmed.