## BULLOCK v. BULLOCK.

(Filed September 23, 1902.)

EVIDENCE—*Adverse Possession—Partition—The Code, Sec. 147.*

　　Where a defendant in partition proceedings claims title by adverse possession, evidence that defendant entered as tenant is competent.

ACTION by F. B. Bullock and others against W. O. Bullock and others, heard by Judge *Henry R. Bryan* and a jury, at

March Term, 1902, of the Superior Court of EDGECOMBE County. From a judgment for the defendants, the plaintiffs appealed.

*G. M. T. Fountain,* for the plaintiffs.
No counsel for the defendants.

CLARK, J.    This action began as a petition for partition. The defendants pleaded sole seizin and the statute of limitations under adverse possession up to known and visible boundaries for more than twenty years.    Thereupon, the action was transferred to Court at term for the trial of the issue of title, as in an action of ejectment.    The plaintiff asked a witness, "Did the defendant W. O. Bullock enter possession of the Minnis Place in 1874 as the tenant of Jesse Bullock, your father?"    This question, counsel stated, was asked for the purpose of showing that the defendant entered into possession as the tenant of Jesse Bullock, and has so remained, paying rent for more than thirty years.    The evidence was excluded, as were three other questions somewhat different in form, but all asked for the same purpose, and the plaintiff excepted.

There was error.  The Code, Sec. 147; *Mobley v. Griffin,* 104 N. C., at page 115.   In *Alexander v. Gibbon,* 118 N. C., 796, 54 Am. St. Rep., 757, the point is so clearly treated and disposed of by the present learned Chief Justice that further discussion is unnecessary.   That case is cited. *Shannon v. Lamb,* 126 N. C., 38; *Hatcher v. Hatcher,* 127 N. C., 200.

Error.