ANNE ELIZA McCOLLUM et al. v. MARY CHISHOLM et al.

(Filed 13 November, 1907).

1. **Deeds and Conveyances—Estates Conveyed—Undivided Interests—Burden of Proof.**

   The father conveyed to his son and daughter a one-half undivided interest each in certain lands. The son died, and his interest descended to the daughter, the defendant. The defendant conveyed a one-half undivided interest in the lands to her father in fee, and at the same time conveyed the other half interest for life, without specification as to which. The father conveyed his entire interest to his second wife and their child, the present plaintiffs. The interest of the son was sold by his administrator to make assets, and a partition was had. The father being dead and the daughter in possession of her original interest, plaintiff sues in ejectment, claiming this interest as that conveyed to their grantor in fee, which defendant denies: *Held*, the burden of proof is upon plaintiffs, and, having failed to show which of defendant's deeds to their grantor conveyed the fee, they cannot recover.

2. **Same—Estoppel by Judgment—Pleadings.**

   When the plaintiffs allege their title by a certain specified deed, they cannot set up an estoppel by judgment in a different action, wherein they and defendant were parties defendant, where their rights *inter sese* were not put in issue by appropriate pleadings, and which, also, was not pleaded in the present action.

CIVIL ACTION in ejectment, tried before *Justice, J.,* and a jury, at September Term, 1907, of the Superior Court of Montgomery County.

This is an action for the recovery of a tract of land described in the complaint. Plaintiffs allege that they are the

owners of the land, and that defendants are in wrongful possession thereof. Defendants deny plaintiffs' allegation of ownership, and set out their chain of title.

His Honor being of the opinion that, upon the entire evidence, plaintiffs were not entitled to recover, they submitted to judgment of nonsuit and appealed.

The facts are set out in the opinion.

*R. T. Poole* and *J. A. Spence* for plaintiffs.
*Adams, Jerome, Armfield & Maness* for defendants.

Connor, J. The facts as disclosed by all of the evidence are: Neil McCollum was, on and prior to 2 July, 1892, the owner in fee of a tract of land, of which the *locus in quo* is a part, and on said day conveyed the entire tract to his two children, John McCollum and defendant Mary E. Chisholm, as tenants in common.

On 20 December, 1894, John McCollum died intestate and without issue, his one-half undivided interest in said land descending to his sister, defendant Mary E.

On 16 November, 1895, said Mary E. Chisholm conveyed to her father, Neil McCollum, "a one-half undivided interest" in said land in fee. On the same day said Mary E. Chisholm conveyed to her said father, "for the term of his natural life, one-half undivided interest" in the same land. In this deed is a clause providing that upon his death the land should revert to her.

On 30 October, 1900, said Neil McCollum, for a recited consideration of $400, conveyed the entire tract of land to plaintiffs, Anne Eliza, his wife, and Annie McK. McCollum, an infant child. This deed was recorded 27 November, 1900.

On 29 November, 1901, E. D. McCollum, administrator of John McCollum, deceased, filed his petition in the Superior Court of Montgomery County against plaintiffs Anne E. and Annie McK. McCollum, Mary E. Chisholm and her husband, in which he alleged that his intestate died seized of one un-

divided half interest in the same land; that the said lands descended to his sister, M. E. Chisholm, and that she and her husband "deeded" the same to Neil McCollum, deceased, upon condition that he pay the debts of said John McCollum, deceased. The petition further alleged that Neil McCollum was dead and that a sale of said land was necessary to pay the debts of said John McCollum. In said special proceeding the present plaintiff Anne E. McCollum was duly appointed guardian *ad litem* of the infant defendant therein, and plaintiff herein duly filed her answer, in which she admitted each and every of the allegations of the petition. An order was made in said proceeding directing the sale of the real estate of John McCollum, deceased. Sale was duly made to B. F. Simmons and confirmed. A deed was executed to him by the administrator. On 22 October, 1902, said B. F. Simmons instituted a special proceeding in the Superior Court of Montgomery County against plaintiffs and defendants herein for the purpose of having partition of said land. In his complaint he alleged that he was tenant in common with defendants therein; that he was the owner of one-half undivided interest and defendants were the owners of the other half. In said proceeding the defendant therein, Anne E. McCollum, in behalf of herself and as guardian *ad litem* of the infant defendant, Annie McK. McCollum, filed an answer, admitting that plaintiff B. F. Simmons owned one-half and that she and her ward were the owners of the other half thereof. An order was duly made for the partition of said land, and commissioners appointed, who filed their report, setting forth that they had allotted to plaintiff one-half by metes and bounds, and to "Daniel Chisholm and his wife, Anne Eliza McCollum, and Annie McK. McCollum" the other half by metes and bounds.

It will be observed that plaintiffs allege that they are the owners of the entire tract, being one-half of the land conveyed by Neil McCollum to his son John and daughter Mary.

Defendants, denying the material allegations in the complaint, set out the several deeds of conveyance, alleging that defendant Mary conveyed to her father in fee the one-half undivided interest which descended to her by the death of her brother John, and the one-half undivided interest which was conveyed to her she reconveyed to her father for his life. Plaintiffs replied to the answer, saying "That the deed executed by Mary Chisholm and husband to Neil McCollum the 16th day of November, 1895, in fee simple, was her original one-half undivided interest in said land, and the other one-half undivided interest which she deeded to Neil McCollum on the same day for the term of his natural life was that which descended to her from John McCollum." Thus the issue between the parties is clearly presented. The burden is upon the plaintiffs to show that the one-half undivided interest which they claim through Neil McCollum was the original share conveyed to defendant Mary by said McCollum and reconveyed to him in fee 16 November, 1895. The two deeds are made on the same day and contain nothing on their face to indicate which one refers to and conveys the original interest owned by the grantor, Mary E., or which was executed first in order of time. In this condition of the evidence there would be no presumption to aid the plaintiffs, and they would fail in their action. If permitted to speculate, we should say that, in view of the fact alleged by plaintiffs, and not denied, the deeds to both John and Mary were voluntary and "deeds of gift"—evidently made pursuant to some family settlement. It is probable that, upon the death of her brother John, unmarried and without issue, Mary reconveyed his interest, which descended to her, to her father, and conveyed to him a life estate in the share originally conveyed to her. This view is strongly supported, if not conclusively shown, by the fact that, after the death of Neil McCollum, the administrator of John files a petition to sell John's undivided interest for the purpose of paying his debts. In his petition, to which

the plaintiffs and defendants are made parties, he expressly alleges that it was John's interest which was "deeded" to Neil McCollum by defendants upon condition that he pay the debts of the said John McCollum, deceased. This allegation is admitted by plaintiff Anne Eliza, as guardian *ad litem* of the infant plaintiff. Whether this admission and the judgment rendered in that proceeding constitute an estoppel of record, it is not necessary to decide. It is clearly competent evidence, tending to show which interest was conveyed by defendant to her father in fee. In any point of view, the plaintiffs fail to make good their allegation, and must fail in their action to recover the land described in the complaint. They insist that, notwithstanding this difficulty, they are entitled, by way of estoppel, to recover an undivided interest in the land, relying for this purpose upon the record in the proceeding for partition by B. F. Simmons. It will be noted that in the complaint herein plaintiffs allege title in themselves, generally, of the entire land. The defendants, in their answer, set out the history of the title, whereupon plaintiffs, replying, state specifically the basis of their title to be that the deed executed by Mary Chisholm to Neil McCollum in fee was her original *one-half undivided* interest in said land, and that the other one-half interest "deeded" to Neil for life was John McCollum's share. The plaintiffs thus set out clearly their title, and the parties are brought by the pleadings to a single issue: Did Mary Chisholm convey, by her deed of 16 November, 1895, to Neill McCollum, in fee, her original one-half undivided interest? If so, plaintiffs are entitled to the land under the deed from Neil McCollum to them; if not, they fail in their action. In this condition of the pleadings, may plaintiffs, failing to prove their allegation, rely upon an entirely different title, having its origin in an estoppel and entitling them to some unascertained interest? In *Richards v. Smith,* 98 N. C., 509, *Merrimon, J.,* says: "If the plaintiff should allege title in himself, derived in a specified way,

it may be that he would be compelled to prove it substantially as alleged, unless, upon application to the Court, he be allowed to amend the complaint." In Tillinghast & Shearman Tr. Tit., sec. 443, it is said: "If the plaintiff sets out a specific chain of title, his evidence will be confined to the title as alleged; and while it is not necessary to aver the evidences of plaintiff's title, yet, if these be alleged, the substantial elements of the title must be stated." This, we think, is in accordance with orderly procedure and good pleading. If the plaintiffs wish to rely upon some other title than that which they have set out and called upon defendants to answer, they should have an amendment to their complaint, giving defendants an opportunity to answer and prepare their defense to "the change of base." In the pleadings there is no reference to or suggestion of a title by estoppel by reason of a proceeding for partition. We are of the opinion that his Honor, for this reason, correctly held that plaintiffs could not recover. We are further of the opinion that, if plaintiffs had amended their complaint, they could not have succeeded. The sole purpose of the proceeding for partition was to enable Colonel Simmons, who had purchased the one-half undivided interest of John McCollum, to have such interest set apart to him. There was no reason for making the plaintiffs herein parties, as they had no interest in the land after the death of Neil McCollum, under whom they claimed. The petition did not undertake to set out the interests of the defendants *inter sese.* No such question was presented or decided. The only fact adjudged in the proceeding was that Colonel Simmons was the owner of a half undivided interest. It would have been entirely proper, and probably better practice, to have set forth the condition of the title as between all of the parties, but not necessary for the purpose of accomplishing what the petition desired. This case is easily distinguished from *Armfield v. Moore,* 44 N. C., 157, the leading case in this State. There the interest of each party to the record was ascertained.

*Pearson, J.,* says: "An estoppel must be certain—that is, the fact agreed on, or found by the jury, must be some particular fact, and not a generality or matter of inference. Here the fact agreed on is certain, to-wit, that Jane Moore was entitled, as a tenant in common, to one-third part of four slaves." Here there is no finding in respect to the interest of the defendants, except that they are tenants in common with petitioner; that was the only fact alleged, and the only fact necessary for him to allege. As between Simmons and the defendants, in that proceeding, all parties are estopped to deny that Simmons was entitled to one-half the land. *Carter v. White,* 134 N. C., 466. The decision in that case is based upon the fact that the exact interest of each party was put in issue and settled by the judgment, citing *Forder v. Davis,* 38 Mo., 107, in which it is said of the judgment: "The partition establishes the title, severs the unity of possession and gives to each party an absolute possession *of his portion.*"

"As a general rule, parties to a judgment are not bound by it in a subsequent controversy between themselves, unless they were adversary parties in the original action—that is to say, a judgment for or against two or more joint parties ordinarily determines nothing as to their respective rights and liabilities as against each other in their own subsequent controversy." 2 Black on Judgments, sec. 599. Of course, if codefendants, by appropriate pleadings, put their rights *inter sese* in litigation, they are bound by the judgment rendered upon the questions litigated. 1 Freeman on Judgments, sec. 158. It would work a great wrong to defendants herein to permit the judgment in the partition proceedings, the only purpose of which was to have Colonel Simmons' one-half interest in the land set apart to him, to devest them of their title to a share of the land, not in any way in litigation. To do so would make estoppel justly odious.

The judgment of his Honor must be
Affirmed.