## J. B. BUCHANAN ET AL. v. A. B. HARRINGTON.

(Filed 13 April, 1910.)

**Tenants in Common—Partition—Quantity of Interest—Estoppel—Deeds and Conveyances—Correction.**

The quantity of the estate held by tenants in common can be litigated and determined in proceedings for partition; and a judgment therein is a complete estoppel in a suit by one of them to establish that his cotenant held a less interest in the land in common, by reason of the mistake of the draftsman in writing the deed under which he claimed.

APPEAL from *Justice, J.*, at November (Special) Term, 1909, of LEE.

The plaintiffs brought this action to correct the quantity of interest conveyed by the plaintiffs to the defendant, by deed dated 11 March, 1902, in a certain tract of land therein described, upon the ground that the deed conveyed a one-half undivided interest, instead of a one-half of three-fourths undivided interest, alleging that the error was caused by the mistake or inadvertence of the draftsman, and was not discovered until some months thereafter; that plaintiffs and defendant knew that the *feme* plaintiff owned only a three-fourths interest, and that it was the intention of the plaintiffs to sell, and the defendant to buy, only a one-half of the three-fourths interest, but the deed to defendant conveyed a one-half interest in the entire tract. That, subsequently, in March, 1903, *feme* plaintiff purchased the outstanding one-fourth interest. Plaintiffs therefore prayed that the deed to defendant be corrected to speak the truth, and convey to him only one-half of a three-fourths interest.

The defendant denied some of the allegations of the complaint and admitted others, and specially pleaded as an estoppel upon the plaintiff, the former judgment of the court, in which it was adjudged that the *feme* plaintiff and the defendant were the owners each of a one-half interest in the land; that the land was, by the decree of the court, actually partitioned between them, in accordance with that interest, and that there was a final decree confirming the partition; that the plaintiffs instituted against this defendant the former action, being a special proceeding for partition, and upon answer filed putting at issue the respective interest in the land of the *feme* plaintiff and defendant, and upon transfer of the cause to the Superior Court, a trial by a jury was had, and a verdict rendered finding the interest of each to be one-half; judgment was rendered upon the verdict; appeal taken by the plaintiffs to the Supreme Court; judgment affirmed (141 N. C., 39), and the actual partition made and finally determined. The judgment roll offered supported the plea of the defendant.

The plaintiffs offered evidence tending to support their allegations, and tendered issues presenting the mistake of the draftsman.

His Honor, after hearing the evidence, submitted only one issue, to wit: "Are the plaintiffs estopped by the former judgment in the case between the same parties for partition of the land now in controversy?" and instructed the jury to answer the issue, "Yes."

The plaintiffs excepted, and from the judgment appealed to this Court.

*L. H. Gibbons* and *H. F. Seawell* for plaintiffs.
*Seawell & McIver* for defendant.

MANNING, J., after stating the case: In 30 Cyc., 310, the author, Judge Freeman, thus sums up the law of the title concluded by partition proceedings under modern statutes: "We apprehend, however, that whenever plaintiff alleges himself to be the owner in fee, or of any specified estate, or avers any other ultimate fact under which he is entitled to relief, it becomes the duty of the defendant either to concede or take issue with the allegation or averment, and that the judgment in the action will be as conclusive as it would be upon a like issue in any other action. The truth is, that a judgment in partition is as conclusive as any other. It does not create or manufacture a title, nor divest the title of any one not actually or constructively a party to the suit; but it operates by way of estoppel; it prevents any of the parties from relitigating any of the issues

presented for decision, and the decision of which necessarily entered into the judgment; and it divests all titles held by any of the parties at the institution of the suit."

It has been held by this Court that the doctrine of estoppel, with its conclusive effect, applies to proceedings in partition, which, it has been held, are no longer merely possessory actions, but are proceedings in which the quantity of estate or the title can be litigated. *Armfield v. Moore,* 44 N. C., 157; *Carter v. White,* 134 N. C., 466; *McCallum v. Chisholm,* 146 N. C., 18. The pleadings, verdict and judgment in the partition proceedings, pleaded in the present action as an estoppel, show that the litigated question, presented by proper allegation by the plaintiffs and denied by the defendant, was the quantity of the estate held by each, and it determined that question. The correction of the deed, now made the basis of the present action, could have been had in that proceeding when it was transferred to the Superior Court, by making proper amendments. This was held by this Court on the appeal from the judgment. *Buchanan v. Harrington,* 141 N. C., 39. "The plea of *res judicata* applies, except in special cases, not only to the points upon which the court was required by the parties to form an opinion and pronounce judgment, but to every point which properly belonged to the subject in litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time and determined respecting it." 1 Herman on Estoppel, sec. 123; *Wagon Co. v. Byrd,* 119 N. C., 460; *Tuttle v. Harrill,* 85 N. C., 456. If the Court were to correct the deed, it would not, therefore, avail the plaintiff to enlarge the quantity of the interest held by her in the land, as against the defendant and those claiming under him; the estoppel would be a complete bar. *Harrison v. Ray,* 108 N. C., 215. The Court would not do a vain thing. *Steinback v. Relief Fire Insurance Co.,* 77 N. Y., 498; *Sibert v. McAvoy,* 15 Ill., 106; *Thompson, receiver, v. Phoenix Insurance Co.,* 25 Fed., 296. We are, therefore, of the opinion that there was no error in the rulings of his Honor, and the judgment is affirmed.

No error.