The facts are sufficiently stated in the opinion of the Court by MR. JUSTICE WALKER.
This is a proceeding for the partition of the tract of land described in the petition, especially a tract of 10 1/2 acres, among the owners, as tenants in common thereof, they having inherited the land from their ancestor, Mahala Herman, who originally was the owner thereof. Defendants Thomas and Elizabeth Herman deny the tenancy in common of plaintiffs with them and their right to partition, plead sole seizin, and specially aver that the plaintiffs, who are Cain F. Sipe and Fannie C. Sipe, conveyed their interest, or such as they once had, to Elkanah L. Herman, who devised it by his will to defendant Elizabeth Herman, for life, with remainder to another defendant, Thomas Herman, in fee. There is no dispute as to the tenancy in common between the parties and the resultant right to partition, unless the defendants have offered testimony sufficient in law to show that plaintiffs had parted with their title to Thomas and Elizabeth Herman, as above set forth. Under the old system, this would have been an action at law, there being no equitable element involved. There is no allegation or prayer for relief in the way of correction or reformation of the deed, upon which the defendants rely to support their plea of sole seizin. When the defendants denied, in their answer to the petition, that plaintiffs, claiming in the right of the feme plaintiff, Fannie C. Sipe, are tenants in common with them and plead non tenent in simul or sole seizin in themselves, the general issue in a proceeding for partition, the case in legal effect is converted into an action of ejectment, with the petitioners as plaintiffs, and their adversaries as defendants, the burden being on the plaintiffs, and the defendants being required to *Page 89 
give bond on filing their answer, which seems not to have been done in this case. Huneycutt v. Brooks, 116 N.C. 788; Vaughan v. Vincent, 88 N.C. 116;Parker v. Taylor, 133 N.C. 103; Purvis v. Wilson, 50 N.C. 22;Alexander v. Gibbon, 118 N.C. 796; Bullock v. Bullock, 131 N.C. 29. Plaintiffs proved that they and their contenants, Thomas being one, inherited the lands from their mother, Mahala Herman, and it appears that defendants Thomas and Elizabeth Herman, appellants, claimed under the will of Elkanah L. Herman, to whom (110) the said defendants alleged the land had been conveyed by the plaintiffs, so that those two defendants claimed under the plaintiffs; and having shown no superior title and none acquired by themselves, the plaintiffs have made out a prima facie case, which entitles them to judgment (Cox v. Ward, 107 N.C. 507), unless the position of defendant as to the alleged deed of plaintiffs to Elkanah Herman can be sustained, and we do not think it is tenable. There is certainly no valid deed from plaintiffs which passed the title to Elkanah Herman, as the land belonged to the feme plaintiff, a married woman, and the deed introduced by the defendants, purporting to be a deed signed by plaintiffs, contains no privy examination of the plaintiff Fannie C. Herman, and is, therefore, void as to her. Cook v. Pittman, 144 N.C. 530. Upon the cross-examination of Fannie C. Herman, defendant's counsel proposed to read the deed, as registered, to the witness, and the evidence was excluded. The deed was offered, as appears in the case, for the purpose of contradicting the witness, who on the same cross-examination had stated that she had only given to her father, Elkanah Herman, "a paper for a life estate," whereas the deed showed that a fee was intended to be conveyed. But defendants could not thus establish their title to the land by parol. Cox v. Ward, 107 N.C. 507. Defendants could only show a paper title by a deed or other instrument sufficient to pass title, and could not prove orally, even by the feme plaintiff as a witness, that they had acquired the fee from her and her husband. This is too plain for argument. The evidence was, therefore, immaterial and was properly ruled out. The defendant next offered to read in evidence the registry of the same deed. The court excluded the evidence upon objection by plaintiffs. The deed was not evidence as to the feme plaintiff(Cook v. Pittman, supra), the admitted owner of the land at the time it purported to have been executed, and her husband is only a formal party to the suit, claiming no interest therein, they having had no children, so far as appears. Defendants did not propose to prove the execution of the deed at common law for the purpose of showing color and then proving adverse possession. If in this way defendant could (111) have shown a good title as against her husband, a merely *Page 90 
nominal party, it would not have barred her right of entry, and would, therefore, have been of no practical advantage to them. They could get no judgment for the posession [possession against her, or writ of possession to oust her, as she being the owner and having the present right of possession, the court would not give a judgment and a writ to the prejudice of her right. Springs v. Schenck, 99 N.C. 552. Besides, as we have indicated, her husband is suing, not for himself, but in her right, and is merely joined with her permissibly, under Revisal, sec. 408. This being her separate property, she could sue alone for its recovery, but is permitted to join her husband to assist her in the vindication of her right. It has been held that Constitution, Art. X, sec. 6 abolished the estate of the husband as tenant by the curtesy initiate, the land being her sole and exclusive property, if a part of her separate estate. Walker v. Long,109 N.C. 510; Thompson v. Wiggins, ibid., 508; Perkins v. Brinkley,133 N.C. 154; Hodgin v. R. R., 143 N.C. 93. It is said in Thompsonv. Wiggins, supra, and Hodgin v. R. R., supra, that he has a sufficient interest in the wife's land to constitute him technically a freeholder, and this interest is defined to be a right of joint occupancy with his wife, and he has the incidental right of ingress and egress. Thompson v.Wiggins, supra, citing Manning v. Manning, 79 N.C. 293. Speaking for myself, and not committing the Court to my view, it does not seem to me that this is a freehold estate, nor an estate at all, but a mere right of joint occupancy with the wife, which appears to be based upon their social relations or conjugal duties. Perkins v. Brinkley, supra. ButJustice Bynum said, in Manning v. Manning, supra: "The plaintiff is entitled to be let into the possession of her lands, and, in a legal sense, the sole and exclusive possession." Referring to Constitution Art. X, sec. 6, Justice Connor said, in Perkins v. Brinkley, supra, quoting the language of Merrimon, J. C., in Walker v. Long, supra: "`This provision is very broad, comprehensive and thorough in its terms, meaning, and purpose, and plainly secures to the wife the complete ownership and control of her property as if she were unmarried, except (112) in the single respect of conveying it. She must convey the same with the consent of her husband. It clearly excludes the ownership of the husband as such, and sweeps away the common-law right or estate he might at one time have had as tenant by the curtesy initiate. The strong, exclusive language of the clause recited above is that the property "shall be and remain the sole and separate estate and property of such female," the wife.' All of our legislation and judicial construction of the Constitution and statutes have been in the same direction."
The Court has said the husband's right is a freehold estate, and we will continue, therefore, so to treat it; but it is an anomalous one, and *Page 91 
personal to the husband, and surely does not give a stranger the right to oust the husband against the consent of the wife, as the husband's right is based upon their conjugal relation. It may be added that the husband has claimed no interest, or rather no estate, in the land, and simply joined with his wife in the deed to Elkanah Herman, according to the requirement of the statute, in order to pass her estate.
Under proper instructions from the court, the jury returned a verdict for the plaintiffs, and judgment was entered upon it. We find no error in its doing so.
No error.
Cited: Ditmore v. Rexford, 165 N.C. 620.
(113)