NANNIE DITMORE ET AL. v. W. A. REXFORD ET AL.

(Filed 27 May, 1914.)

1. Partition—Pleadings—Sole Seisin—Ejectment.

Where sole seisin is pleaded in proceedings for partition and the cause is transferred for trial to the Superior Court, it. becomes, in effect, an action of ejectment.

2. Ejectment — Possession — Admissions—Limitations of Actions—Burden of Proof.

Where the answer in ejectment alleges defendant's possession of the disputed lands, it is unnecessary for the plaintiff to show it, but where the defendant pleads the statute of limitations, it is for the plaintiff to prove that the action is not barred.

3. Limitation of Actions — State's Lands—Entries—Recording—Notice—Equity—Stale Claims.

Where the plaintiff claims land under a quitclaim deed of B. of supposed interests he had in lands entered by another, and B. thereafter has taken out grants of these lands in his own name and had them recorded, this act of B. put him in an adverse relation to the plaintiff's. ancestor, giving the latter his action for whatever rights he could have acquired under the quitclaim deed, and from that time the various statutes of limitation would. begin to run; and where there has been. a lapse of fifty-seven years since the registration of the grant to B., the plaintiff's claim, unexplained, would become a stale claim, and. bar his rights in ·equity, in the absence of a statute.

APPEAL by plaintiffs from *Carter, J.,* at March Term, 1913, of SWAIN.

*Allen & Leatherwood and R. L. Phillips for plaintiffs.*
*James H. Merrimon and Frye, Gant & Frye for defendants.*

CLARK, C. J. This was a proceeding for partition of land begun before the clerk. The defendants pleaded sole seisin and the cause was transferred to the court at term. It became then in effect an action of ejectment. *Hunnicutt v. Brooks,* 116 N. C., 792; *Sipe v. Sherman,* 161 N. C., 109.

The plaintiffs introduced a quitclaim deed from George Bumgarner to Daniel D. Foute (under whom the plaintiffs claim as heirs at law) and three others, dated 3 January; 1853. This

deed recites that it embraces land covered. by certain entries therein named, which are the land in controversy. These entries had been taken out 2 January; 1849. On 14 October, 1853, Bumgarner took out grants to himself upon aforesaid entries, which grants were recorded 3 September, 1854, in the register of deeds' office in. Macon County, where the land then lay.

The defendants in their answer set up title in themselves by mesne conveyances from Bumgarner, and also pleaded the several statutes of limitations, and that the plaintiffs had not shown possession in the defendants.

Upon this evidence the court directed a nonsuit. It was not necessary to show possession in the defendants, as the answer alleged it, but the plea of the statute of limitations threw upon the plaintiffs the burden of showing that they were not barred, and hence were not entitled to judgment at the close of their evidence. *House v. Arnold,* 122 N. C., 220; *Gupton v. Hawkins,* 126 N. C., 81.

When Bumgarner took out the grants for himself, this put him in an adverse relation to the plaintiffs' ancestor, who then had a cause of action for whatever rights he could assert under the quitclaim deed, if any. He had legal notice by the registration of said grants in 1854. The plaintiffs introduced no evidence to rebut the presumption of abandonment and of the bar of the statute by the long lapse of time from the taking out of the grants and recording the same down to the institution of this action, 24 October, 1911.

The nonsuit was therefore properly granted. The plaintiffs' claim being based upon equitable title, even if there were no statute of presumption or statute of limitations, the lapse of fifty-seven years, unexplained by any evidence—for the plaintiffs have put in none—makes it a stale claim, which equity will not sustain. *Cox v. Brower,* 114 N. C., 423; 16 Cyc., 150.

The judgment of nonsuit is

Affirmed.