McKIMMON, CURRIE & CO. v. FANNIE CAULK.

(Filed 10 November, 1915.)

**1. Husband and Wife—Lands—Right of Survivorship—Partition—Judgment—Divorce—Second Partition—Reformation of Deed—Estoppel.**

Where a husband and wife are seized of lands by entireties with the right of survivorship, and bring proceedings for partition against another, who owns the tract in common with them, and the question of title has not been at issue either as between the husband and wife or between them and the third person, it is *Held*, that thereafter, upon the granting of an absolute divorce, the judgment in the partition proceedings will not estop the wife, in another proceeding for partition brought by her husband's grantor, from asserting her right to have the deed made to her and her husband corrected for the mistake of the draftsman in not making the conveyance to her alone, and thus raising the issue of title in the second proceeding. *Weston v. Lumber Co.*, 162 N. C., 179, cited and applied.

**2. Limitation of Actions—Reformation of Deeds—Discovery of Mistake.**

In this action, involving title to land, it is *Held*, under the plea of the statute of limitations, that the question was one of fact, that is, whether the defendant discovered the mistake in the deed more than three years prior to the institution of the action, and no error was found in the instruction by the trial judge upon the evidence introduced.

**3. Evidence—Limitation of Actions—Possession—Declaration—Rule of Competency.**

Where land is sought to be held by adverse possession, in an action to recover it, it is competent to introduce in evidence declarations of one in possession which characterized or explained his possession, when such is relied upon, when they are in disparagement of his possession, or against his interests, and not merely narrative of a past occurrence; and applying this rule to the evidence in this case, the evidence is held to be incompetent.

APPEAL by plaintiff from *Allen, J.,* at the March Term, 1915, of ROBESON.

Proceeding for the partition of thirty-five acres of land, the plaintiff alleging that it is the owner of a one-half undivided interest therein, and that the defendant Fannie Caulk is the owner of the other one-half interest in said land.

Prior to 1878 George Dial was the owner of sixty acres of land, and in that year this land was sold under execution and was bought by Sinclair Lowrie, to whom a deed for the land was regularly executed.

In March, 1890, Sinclair Lowrie conveyed said land to "Sarah Dial for her lifetime, then thirty-five acres of the upper end goes to Wesley Caulk and Fannie, his wife, and twenty-five acres, the lower end, goes to John Dial." Thereafter Wesley Caulk and Fannie Caulk, his wife, as plaintiffs, instituted a proceeding against John Dial for the partition of said sixty acres of land, alleging that they were tenants in common and that the said Wesley Caulk and Fannie were entitled together to have thirty-five acres of the upper part of the tract of land allotted to

them and that John Dial was entitled to have twenty-five acres upon the lower part allotted to him, and in said proceeding allotment was made accordingly, the thirty-five acres in controversy in this action being allotted to Wesley Caulk and his wife, Fannie Caulk.

Thereafter, in an action duly instituted, a decree of absolute divorce was entered severing the bonds of matrimony existing between the said Wesley Caulk and Fannie Caulk.

Thereafter the said Wesley Caulk conveyed his interest in the thirty-five-acre tract of land to the plaintiff, and this proceeding for partition was then instituted.

The defendant, Fannie Caulk, denies the right of the plaintiff to partition, alleging in her answer that the name of Wesley Caulk was inserted in the deed executed by Stephen Lowrie by mistake, and she asks to have the deed corrected.

The plaintiff replied that the defendant is estopped by the decree in the proceeding for partition wherein she and her husband, Wesley Caulk, were plaintiffs and John Dial defendant, and further pleaded the statute of limitations to the right of the defendant to have the deed corrected.

The jury returned the following verdict:

1. Is the defendant estopped as alleged? Answer: No.

2. Is the defense of the defendant barred by the statute of limitations? Answer: No.

3. Was the name of Wesley Caulk inserted in the Sinclair Lowrie deed by the mistake of the draftsman? Answer: Yes.

4. Did the plaintiff have notice of the defendant's claim of mistake when it took the deed from Wesley Caulk? Answer: Yes.

5. Is the plaintiff an innocent purchaser for value? Answer: No.

6. Is the plaintiff the owner of one-half undivided interest in the lands in controversy? Answer: No.

Judgment was rendered in favor of the defendant and the plaintiff execpted and appealed.

*B. F. McLean and McLean & McKinnon for plaintiff.*
*McNeill & McNeill and McLean, Varser & McLean for defendant.*

ALLEN, J. When this action was heard on the former appeal (167 N. C., 411) it was held that the deed of Sinclair Lowrie vested an estate by entireties in Wesley Caulk and his wife, Fannie, with the right of survivorship, in the land in controversy, but that the decree of absolute divorce severed the relationship and the estate, and that thereafter they became tenants in common, and the judgment of the Superior Court dismissing the action, then before the court for review, was reversed and a new trial ordered.

When the action was again tried, the defendant relied upon the plea that the name of Wesley Caulk was inserted in the deed of Sinclair Lowrie by mistake and asked that the deed be corrected, and the plaintiff replied that she was estopped to set up this plea by reason of the decree in a proceeding for partition wherein Wesley Caulk and wife were plaintiffs and John Dial was defendant, in which it was adjudged that the plaintiffs therein were the owners of the thirty-five acres of land in controversy, which was set apart to them in that proceeding.

His Honor held that the defendant was not estopped, and the plaintiff excepted.

The primary purpose of partition proceedings is to sever the unity of possession, but the parties may put the title in issue, and when they do so, and the title is adjudicated, the judgment is conclusive and binding. *Buchanan v. Harrington*, 152 N. C., 334. The question is discussed and the authorities collected in *Weston v. Lumber Co.*, 162 N. C., 179.

It was also pointed out in the last case, relying upon the authority of *Cromwell v. County of Sac*, 94 U. S., 352, that the statement frequently found in the reported cases that judgments not only estop as to the matters actually litigated, but also as to those that might be litigated, is sound as applied to actions based on the same claim or demand, and that in other cases the correct rule is the one laid down in *Coltraine v. Laughlin*, 157 N. C., 287, that "It (the judgment) estops the parties and their privies as to all issuable matter contained in the pleadings, and though not issuable in the technical sense, it concludes, among other things, as to all matters within the scope of the pleadings which are material and relevant and were in fact investigated and determined on the hearing. *Gilliam v. Edmonson*, 154 N. C., 127; *Tyler v. Capeheart*, 125 N. C., 64; *Tuttle v. Harrell*, 85 N. C., 456; *Fayerweather v. Ritch*, 195 U. S., 277; *Aurora City v. West*, 74 U. S., 103; *Chamberlain v. Gaillard*, 26 Ala., 504; 23 Cyc., pp. 1502-4-6."

Applying these principles, it is clear that the judgment in the partition proceeding does not estop the defendant, as the claim and demand in the two actions is not the same and the right of the defendant to have the deed corrected has never before been litigated or considered.

In the partition proceeding Wesley Caulk and Fannie Caulk, his wife, were the plaintiffs on one side, and John Dial on the other. The only question in controversy was as to the rights of the plaintiffs as against the defendant to have thirty-five acres of land set apart to them, and no question was raised as to the rights of the plaintiffs as between themselves, and if it should be held that the defendant is estopped, it must be when her right which she is now urging has never been passed upon, and when it was not within the scope of the pleadings in the action in which the decree was rendered, which is relied on as an estoppel.

Mr. Freeman, in his valuable work on Judgments, says: "Parties to a judgment are not bound by it in a subsequent controversy between each other unless they were adversary parties in the original action." Freeman on Judgments, Vol. 1, sec. 158.

In *Baugert v. Blades,* 117 N. C., 221, the Court says, that "The rule seems to be that the judgment against several defendants determines none of the rights of the defendants among themselves, but only the existence of the demand," and there is no reason why the same rule should not prevail as between plaintiffs. Of course if matters are in issue between plaintiffs or between defendants, and are adjudicated, the judgment estops. We are therefore of opinion that his Honor correctly held that the defendant was not estopped.

The plea of the statute of limitations resolved itself into a question of fact, and that is, whether the defendant discovered the mistake in the deed more than three years prior to the institution of the action, and this was submitted to the jury under proper instructions.

James Dial was introduced as a witness for the defendant and, among other things, testified as follows:

Q. Do you know anything about George Dial directing Sinclair Lowrie to make this deed to Fannie and her brother and mother for this land? A. I think so.

Q. Go ahead and tell what you know about that. A. He wanted to make it to somebody who would look after him in his old age. He first preferred to make it to me, provided I would live on it. I refused to do that. He said then, "Suppose we have Sinclair make it to Sarah and her two children; they would take care of me," and I told him all right, to go ahead and do so.

Q. Did you afterwards hear him say that he had Sinclair to make the deed this way? A. Yes, sir.

Q. Did you hear Sinclair Lowrie say anything about the deed? A. Yes, sir. He said he made it to Sarah and her two children. I don't know exactly how old my father was at the time of his death; 80 or 85 years. Sarah and them two children, Fannie and John, were the ones that seen after him."

This evidence was objected to by the plaintiff, and exception was duly taken to its admission, in overruling which there was error.

It is competent to introduce declarations of one in possession of land which characterize or explain his possession or is in disparagement of his title, or against his interest, if not merely narrative of a past occurrence (*Roberts v. Roberts,* 82 N. C., 29; *Shaffer v. Gaynor,* 117 N. C., 24; *Norcum v. Savage,* 140 N. C., 472); but this evidence does not come within any of the exceptions to the general rule which excludes hearsay evidence.

It is evidence of declarations in the interest of the declarant; it did not tend to explain his possession and was in part, at least, narrative of something that had occurred before. It was important and material upon the principal question in controversy as to whether there was a mistake in the deed of Sinclair Lowrie, because when properly understood it means that George Dial said he had told Sinclair Lowrie to make the deed to Sarah and her two children, thereby excluding Wesley Caulk, and that Lowrie had told him that he had done so.

The evidence falls within the principle of the evidence which was condemned in *Roberts v. Roberts*, 82 N. C., 32, where the Court says: "The acts and declarations accompanying possession in disparagement of the claimant's title or otherwise qualifying his possession are received as part of the *res gestæ*. But when declarations, offered in evidence, are merely *narrative of a past* occurrence, they cannot be received as proof of the existence of such occurrence. 1 Greenl. Ev., paragraphs 109, 110. The conduct and declarations of the testator were offered upon an issue relating solely *to the contents of a lost or destroyed deed,* and in enlargement of his own estate, and to this end in proof of a preëxisting fact not connected with or explanatory of his possession."

For the error in the reception of this evidence there must be a

New trial.