EVA HIGGINS GIBBS AND HUSBAND, H. C. GIBBS, v. R. L. (BOB) HIGGINS AND WIFE, WINNIE HIGGINS.

(Filed 8 March, 1939.)

1. **Partition § 5—When sole seizin is pleaded in partition proceeding it becomes in effect an action in ejectment for trial on issue of title.**

   Where, in a special proceeding in the Superior Court for partition, C. S., 3213, 3215, tenancy in common is denied and there is a plea of sole seizin, *non tenent insimul*, the proceeding in legal effect is converted into an action in ejectment and should be transferred to the civil issue docket for trial at term on issue of title, the burden being upon petitioners to prove their title as in ejectment. C. S., 758.

2. **Partition § 10: Judgments § 32—**

   Judgment in partition proceedings in which title has been put in issue is conclusive on the parties on the issue of title, and operates as a bar to a subsequent action between the parties as to matters which were adjudicated or which were within the scope of the issue and might have been litigated.

3. **Same—Judgment in partition proceeding upholding validity of deed of party claiming sole seizin held to bar later action attacking the deed.**

   In a prior partition proceeding in which the present plaintiffs and defendants were parties, defendants pleaded sole seizin under a deed from the common source of title, and plaintiffs attacked the deed on the ground of mental incapacity of the grantor. Judgment was entered that defendants were the sole owners of the land. Thereafter plaintiffs instituted this action attacking the deed on the ground of undue influence. *Held:* Plaintiffs might have properly attacked the deed in the partition proceeding on the ground of undue influence upon supporting allegation, and the judgment in the partition proceeding bars plaintiffs from maintaining this action, it being incumbent on plaintiffs to have brought forward and asserted their whole case in the partition proceeding upon the issue of title.

4. **Partition § 5—**

   Where a party in proceedings for partition sets up a deed from the common source of title under his plea of sole seizin, petitioners may introduce parol evidence attacking the deed for mental incapacity without supporting allegation, but parol evidence on the question of undue influence must be supported by proper allegation.

APPEAL by plaintiffs from *Pless, J.,* at October Term, 1938, of YANCEY.

Civil action to set aside and cancel deed from J. N. Higgins to R. L. (Bob) Higgins for alleged undue influence, and to declare heirs at law of J. N. Higgins owners of land in question.

Plaintiff Eva Higgins Gibbs and defendant R. L. (Bob) Higgins are children of J. N. Higgins, deceased, of Yancey County, and they with four others, and the children of two deceased children are the only heirs at law of said J. N. Higgins, who died on 10 October, 1936.

J. N. Higgins, being the owner of a tract of land on Jack's Creek in Yancey County, on 26 May, 1935, executed a deed therefor to the defendant R. L. (Bob) · Higgins.

Plaintiffs allege that this deed was executed by reason of "wrongful, fraudulent and undue influence exerted by the defendant Bob (R. L.) Higgins on the mind of said J. N. Higgins" in certain respects under specified circumstances and surroundings.

Defendants deny material allegations of the plaintiffs and plead *sole seizin* and *res adjudicata.*

The facts upon which defendants rest their plea of *res adjudicata* are not in controversy. They are substantially these: In April, 1937, the plaintiffs herein together with George Higgins, son of· J. N. Higgins, instituted in the Superior Court of Yancey County, before the clerk, a special proceeding for the partition of the lands in question. C. S., secs. 3213 and 3215. The defendants herein, together with all others of the heirs at law of J. N. Higgins, were made parties defendant and served with summons. In petition filed therein it is alleged, *inter alia,* that J. N. Higgins died intestate, seized of the lands in question; that J. N. Higgins left the petitioners and defendants as his only heirs at law; that they are tenants in common and in possession of said land; that Eva Higgins Gibbs owns one-eighth, Bob Higgins one-eighth, and others the remaining interests therein, in the proportions set forth; and that petitioners desire to hold their interests in severalty.

The defendants here, being defendants there, filed an answer in which, while not denying the allegation of the petition as to who are the only heirs at law of J. N. Higgins, they deny the other allegations and set up plea of *sole seizin* in themselves, *non tenent insimul,* under and by virtue of said deed from J. N. Higgins to the defendant R. L. (Bob) Higgins, dated 26 May, 1935. The other defendants did not answer. Plaintiffs filed no reply.

The proceeding was thereupon transferred to the civil issue docket of the said Superior Court for trial during term upon issues raised by the pleadings. C. S., 758. On trial at the June, 1937, term of said court, upon issue answered by the jury, judgment was entered declaring that the defendants "Robert L. Higgins and wife, Winnie Higgins," are the sole owners of the land in question. Petitioners appealed therefrom to the Supreme Court. A new trial was granted for that the court below, upon objection by defendants, excluded evidence offered for the

GIBBS *v.* HIGGINS.

purpose of attacking the said deed from J. N. Higgins to R. L. (Bob) Higgins upon the ground that J. N. Higgins was "without mental capacity to make a valid conveyance at the time he signed the said purported deed."  *Higgins v. Higgins,* 212 N. C., 219, 193 S. E., 159.

Upon retrial at the January Term, 1938, the court submitted to the jury these issues:

"1. Are the petitioners and respondents the only heirs at law of J. N. Higgins, deceased?

"2. Did the deceased, J. N. Higgins, make and deliver a deed conveying the lands described in the petition to R. L. Higgins and wife, as alleged in the Further Answer and Defense?

"3. Did the said J. N. Higgins at said time have sufficient mental capacity to execute the deed to R. L. Higgins and wife?

"4. If not, did R. L. Higgins and wife have knowledge of said mental capacity?"

The jury answered the first three issues in the affirmative, and judgment was rendered adjudging that the defendants "R. L. Higgins and wife, Winnie Higgins, are the sole owners" of the lands in question. Though petitioners gave notice of appeal, they failed to perfect same, and instituted the present action, which came on for hearing at the October Term, 1938, of said Superior Court of Yancey.

After finding facts substantially as above set forth, "the plaintiffs making no claim that the evidence upon which they now propose to proceed is newly discovered or that it was not available at the time of the former trial," the court below held as a matter of law that the cause is *res adjudicata,* and that the plea in bar ought to be and is sustained.

From judgment in accordance therewith, plaintiffs appeal to the Supreme Court, and assign error.

*R. L. Whitmire and Watson, Fouts & Watson for plaintiffs, appellants.*

*Charles Hutchins and G. D. Bailey for defendants, appellees.*

WINBORNE, J.  When on trial in partition proceeding, defendants, having denied tenancy in common, plead *sole seizin, non tenent insimul,* by reason of deed to them from common source, and, the proceeding having been transferred to the civil issue docket for trial, plaintiffs fail before the jury in their attack upon that deed on the ground that the grantor did not have sufficient mental capacity, at the time, to execute it, and final judgment sustaining the plea of *sole seizin* is entered, is such judgment *res adjudicata,* and, when pleaded, a bar to prosecution of subsequent independent action to set aside and cancel the deed for undue influence exerted by the grantees?

The uniform decisions of this Court are consonant with an affirmative answer.

Tenancy in common in land is necessary basis for maintenance of special proceeding for partition by petition to the Superior Court. C. S., 3213, 3215. *Gregory v. Pinnix,* 158 N. C., 147, 73 S. E., 814. When tenancy in common is denied and there is a plea of *sole seizin, non tenent insimul,* the proceeding in legal effect is converted into an action in ejectment and should be transferred to the civil issue docket for trial at term on issue of title, the burden being upon the petitioners to prove their title as in ejectment. C. S., 758. *Huneycutt v. Brooks,* 116 N. C., 792, 21 S. E., 558; *Alexander v. Gibbon,* 118 N. C., 796, 24 S. E., 748; *Bullock v. Bullock,* 131 N. C., 29, 42 S. E., 458; *Sipe v. Herman,* 161 N. C., 108, 76 S. E., 556; *McKeel v. Holloman,* 163 N. C., 132, 79 S. E., 445; *Ditmore v. Rexford,* 165 N. C., 620, 81 S. E., 994; *Lester v. Harward,* 173 N. C., 83, 91 S. E., 698; *Moore v. Miller,* 179 N. C., 396, 102 S. E., 627; *Higgins v. Higgins, supra.*

The doctrine of estoppel, with its conclusive effect, applies to proceedings in partition which are no longer merely possessory actions but are proceedings in which the title can be litigated. *Armfield v. Moore,* 44 N. C., 157; *Carter v. White,* 134 N. C., 466, 46 S. E., 983; *McCollum v. Chisholm,* 146 N. C., 18, 59 S. E., 160; *Buchanan v. Harrington,* 152 N. C., 333, 67 S. E., 747; *McKimmon v. Caulk,* 170 N. C., 54, 86 S. E., 809; *Bank v. Leverette,* 187 N. C., 743, 123 S. E., 68; *Wallace v. Phillips,* 195 N. C., 665, 143 S. E., 244.

In *McKimmon v. Caulk, supra, Allen, J.,* said: "The primary purpose of partition proceedings is to sever the unity of possession, but the parties may put the title in issue, and when they do so, and the title is adjudicated, the judgment is conclusive and binding." *Buchanan v. Harrington, supra; Wallace v. Phillips, supra; Crawford v. Crawford,* 214 N. C., 614, 200 S. E., 421.

The general rule is that judgment of a court of competent jurisdiction is final and binding upon parties and privies. Ordinarily, to constitute a judgment an estoppel there must be an identity of parties as well as of the subject matter. In scope of operation with respect to the subject matter "it is not only final as to the matter actually determined, but as to every other matter which the parties might litigate in the cause, and which they might have had decided. . . . The court requires parties to bring forward the whole case, and will not, except under special circumstances, permit the same parties to open the same subject of litigation in respect to matters which might have been brought forward as part of the subject in controversy . . . The plea of *res adjudicata* applies, except in special cases, not only to the

points upon which the court was required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject in litigation and which the parties, exercising reasonable diligence, might have brought forward at the time and determined respecting it." Herman on Estoppel and Res Judicata, sec. 122, p. 130, and sec. 123, p. 131.

To like effect are decisions of this Court. *Tuttle v. Harrill,* 85 N. C., 456; *Wagon Co. v. Byrd,* 119 N. C., 460, 26 S. E., 144; *Buchanan v. Harrington, supra; In re Will of Lloyd,* 161 N. C., 557, 77 S. E., 955.

Applying these principles to the present action, there are here both identity of parties and identity of subject matter. The plaintiffs here were of petitioners, and the defendants here were of defendants in the former proceeding. Likewise, the title to the same land as affected by the same deed was in issue and involved in the former proceeding as in the case at bar. In the former, plaintiffs attack the deed for mental incapacity of the grantor, and in the present action, for undue influence exerted upon the grantor by the grantee. These grounds of attack are pertinent to the same subject and germane to the same issue.

When in answer filed in partition proceeding the defendants R. L. Higgins and wife pleaded *sole seizin,* and based that plea upon the deed from J. N. Higgins, the source under which plaintiffs claim title, plaintiffs were put upon notice that the title to the land was in issue and that the defendants relied upon that deed as the basis for their claim. The way was then open to plaintiffs to attack the deed upon any and all existing grounds, both legal and equitable. It was incumbent upon them to bring forward and assert their whole case with respect thereto. They relied upon their right, upon general issue of title, to offer evidence in attack upon the legality of the deed in question solely upon the ground of mental incapacity of J. N. Higgins to execute the deed. If the plaintiffs desired to attack the deed by reason of undue influence exerted upon J. N. Higgins by the defendants, the door was open to them to plead same and to offer evidence in support thereof. *Toler v. French,* 213 N. C., 360, 196 S. E., 312, and cases there cited. As to mental incapacity, parol evidence may be offered without appropriate allegation. *Alley v. Howell,* 141 N. C., 113, 53 S. E., 821; *Higgins v. Higgins, supra.* But as to undue influence, parol evidence will not be received unless there be appropriate allegations. *Alley v. Howell, supra; Toler v. French, supra.* Both could have been asserted and relied upon in the former action. But, having elected to attack the deed solely upon the ground of mental incapacity, plaintiffs have had their day in court, and are deemed to have waived the right to allege and assert undue influence. The jury found that J. N. Higgins had sufficient

mental capacity at the time to execute the deed. Final judgment declaring the defendants sole owners of the land in question has been entered. After judgment it is too late for plaintiffs to set up new and different ground upon which to attack the same deed. *Graves v. Barrett,* 126 N. C., 267, 35 S. E., 539.

The judgment below is

Affirmed.