O. F. CLINARD AND WIFE, MILDRED CLINARD, v. TOWN OF KERNERSVILLE.

(Filed 8 June, 1940.)

1. **Municipal Corporations § 16—Judgment held to embrace permanent damages resulting from operation of municipal sewage disposal plant.**

In this action to recover damages resulting to lands from defendant municipality's sewage disposal plant, the judgment, considered in the light of the pleadings, evidence and charge of the court, notwithstanding the absence of the word "permanent" in the issue submitted, *is held* to embrace permanent damages from every source of injury in the operation of

the plant, including dye water from a manufacturing plant discharged through the municipality's system, and to give the municipality an easement for the continued operation of the plant in the same manner.

**2. Trial § 37—**

An issue will be construed with reference to the pleadings, evidence and charge of the court pertinent thereto.

APPEAL by defendant from *Alley, J.,* at November Term, 1939, of FORSYTH. No error.

*Lovelace & Kirkman and Benbow & Hall for plaintiffs, appellees.*
*Manly, Hendren & Womble and I. E. Carlyle for defendant, appellant.*

SEAWELL, J. This is an action for the recovery of damages from the town of Kernersville for wrongfully operating a sewage disposal plant on the banks of Abbotts Creek near the property of the plaintiffs, which it is alleged, by reason of the odor and the noxious properties of the discharged sewage, has greatly damaged plaintiffs' premises. The court was requested to allow permanent damages for the injury done to plaintiffs' property, and the defendant is interested in the character and extent of the easement and the rights thus acquired by it.

When this case was here before—*Clinard v. Kernersville,* 215 N. C., 745, 3 S. E. (2d), 267—the town of Kernersville and Vance Knitting Company were defendants. It was then complained that much of the injury done to plaintiffs' premises was caused by waste products from the Vance Knitting Company, conveyed through the Kernersville sewerage system. Under the facts of that case, which are the same as now, the Court held the evidence insufficient to sustain a cause of action against the Vance Knitting Company.

It is now complained that the issues, pertinent evidence, and instructions of the court were not sufficient to settle the liability of the town of Kernersville with respect to the dye water and waste products originating with the Vance Knitting Company and still discharged through its sewerage system, but that the mode of trial left the municipality open to further assault by the plaintiffs for additional damages on that score.

A thorough examination of all the record convinces us that the apprehension is not well founded. Consideration by the jury of damages due to the dye water—an item supposed by defendant not to be caught within the net of procedure—was, we think, inevitable, and the judgment is sufficient to protect the defendant and to secure it in any rights which it may have obtained thereby with respect to the discharge of this and other sewage from its plant. *Gibbs v. Higgins,* 215 N. C., 201, 1 S. E. (2d), 554; *Stelges v. Simmons,* 170 N. C., 42, 44, 86 S. E., 801; *Coltrane v. Laughlin,* 157 N. C., 282, 72 S. E., 961.

We do not regard the failure to insert the word "permanent" in the issue as to damages material. It might have been better to include it, but the issue must be construed with respect to both the pleadings and the evidence and such part of the instructions of the court as may be pertinent to it; *Coltrane v. Laughlin, supra; Holloway v. Durham,* 176 N. C., 550, 97 S. E., 486; *Propst v. Caldwell,* 172 N. C., 594, 90 S. E., 757; *Southerland v. R. R.,* 148 N. C., 442, 62 S. E., 517; *Union Bank v. Oxford,* 116 N. C., 339 (340), 21 S. E., 410; *McKimmon v. Caulk,* 170 N. C., 54, 56, 86 S. E., 809; *Weston v. Lumber Co.,* 162 N. C., 165, 77 S. E., 430; *Gillam v. Edmonson,* 154 N. C., 127, 69 S. E., 924; *Fayerweather v. Ritch,* 195 U. S., 277; *Weidner v. Lund,* 105 Ill. A., 454, 456; *Oglesby v. Attrill,* 20 Fed., 570; *Gulling v. Washoe County Bank,* 29 Nev., 257, 260, 89 P., 25; and the judgment, considered as *res judicata,* must be construed with reference to them all, as well as to issuable matters which might have been litigated under the pleadings. *Buchanan v. Harrington,* 152 N. C., 333, 335, 67 S. E., 747. We think the record is conclusive as to the character of damages awarded the plaintiffs. *Lightner v. Raleigh,* 206 N. C., 496, 174 S. E., 272; *Teseneer v. Mills Co.,* 209 N. C., 615, 184 S. E., 535.

Other exceptions in the record are not meritorious.

We find

No error.