DOROTHY J. PRICE v. ELDRIDGE C. PRICE

No. 812DC755

(Filed 20 April 1982)

**Divorce and Alimony § 29.2; Judgments § 37.4— consent judgment not res judicata to claim in later action**

    A consent judgment between plaintiff and defendant which related only to alimony, child support and child custody did not constitute res judicata in a subsequent action in which plaintiff sought (1) an absolute divorce, and (2) a declaratory judgment and accounting claim whereby plaintiff's role in a cattle raising operation be looked into and plaintiff be given equal credit and ownership of the profits and assets.

APPEAL by plaintiff from *Ward, Judge.* Judgment entered 22 May 1981 in District Court, MARTIN County. Heard in the Court of Appeals 30 March 1982.

On 16 May 1980, plaintiff filed a domestic action against her husband of over thirty years. She sought custody of the minor child of the parties, support, counsel fees, a writ of possession of the homeplace and a divorce from bed and board. Plaintiff also asked that defendant be restrained from selling personal property, particularly farm animals and equipment, which she alleged that defendant was selling in order to keep money and property away from plaintiff.

Defendant filed an answer to plaintiff's complaint, plaintiff moved for pendente lite relief and on 9 July 1980, the parties entered into a consent judgment. This judgment provided that plaintiff and defendant would live separate and apart with plaintiff having sole possession of the homeplace. It also provided that plaintiff have custody of the minor child and for support for plaintiff and the minor child and for counsel fees.

On 19 February 1981 plaintiff filed an action in District Court seeking (1) an absolute divorce based upon defendant's adultery,

and (2) a declaratory judgment and accounting claim whereby plaintiff's role in the cattle raising operation be looked into and plaintiff be given equal credit and ownership of the profits and assets.

The trial court granted the parties a divorce based on one year's separation. The court, however, found that the plaintiff did or should have brought forward the matter of the cattle in the earlier proceeding in which the consent judgment was entered. The trial court found that plaintiff was estopped from litigating this issue in a new trial and granted summary judgment for defendant.

*Twiford, Trimpi, Thompson & Derrick by John G. Trimpi, for the plaintiff-appellant.*

*Gurganus & Bowen by Edgar J. Gurganus, for the defendant-appellee.*

MARTIN (Robert M.), Judge.

The plaintiff asserts on appeal that the trial court erred in finding that the consent judgment of 9 July 1980 constituted res judicata as to the second claim of the February 1981 action which resulted in summary judgment for the defendant. We agree with plaintiff.

The general rule in North Carolina is that a "judgment on the merits is conclusive not only as to matters actually litigated and determined, but also as to all matters properly within the scope of the pleadings which could and should have been brought forward." *Painter v. Board of Education*, 288 N.C. 165, 173, 217 S.E. 2d 650, 655 (1975). The court in *Painter*, 288 N.C. at 173, 217 S.E. 2d 655 went on to quote from *Gibbs v. Higgins*, 215 N.C. 201, 204-05, 1 S.E. 2d 554, 557 (1939) saying:

> " '. . . The plea of res *ajudicata* applies, except in special cases, not only to the points upon which the court was required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject in litigation and which the parties *exercising reasonable diligence*, might have brought forward at the time and determined respecting it.' [Citations omitted.]"

The consent judgment between plaintiff and defendant related only to alimony, child support and child custody. The subject matter of this action is a business enterprise operated by plaintiff and defendant and plaintiff's interest therein. We cannot say that plaintiff should have litigated this matter in the previous domestic proceeding. Therefore, the trial court's entry of summary judgment for defendant was improper.

The order of the trial court is

Reversed.

Judges MARTIN (Harry C.) and WHICHARD concur.