## WHITAKER v. WHITAKER.

### (Filed April 25, 1905.)

*Services to Deceased—Implied Promise to Pay when Rebutted—Grandchildren—Actions against Executors—Costs.*

1.  Where the deceased did not stand *in loco parentis* to plaintiffs and they were not members of his family, the presumption of an implied promise to pay for services rendered by them to deceased in his last illness is not rebutted by the fact that he was their grandfather.

2.  Sections 525 and 527 of the Code as to costs, are subject to the exception in section 1429 providing that no costs shall be recovered against an executor "unless it appears that payment was unreasonably delayed or neglected or that the defendant refused to refer the matter."

3.  Where an action was brought against an executor within 52 days after his qualification, for services rendered to the testator, and there was no refusal to refer, and the recovery was only one half of the demand, the defendant executor was not taxable with costs under section 1429 of the Code.

ACTION by D. M. Whitaker and another against Aaron Whitaker, Executor of Isaac Whitaker, heard upon appeal from a Justice of the Peace by *Judge T. A. McNeill* and a jury, at the November Term, 1903, of the Superior Court of SURRY County.

From a judgment for the plaintiffs, the defendant appealed.

*W. L. Reece* and *Watson, Buxton & Watson* for the plaintiffs.

*Manly & Hendren* and *Carter & Lewellyn* for the defendant.

CLARK, C. J.   The plaintiffs, two grandchildren of defendant's testator, began separate actions before a justice of

the peace, for value of services rendered by them to said testator, in his last illness. On appeal to the Superior Court, the actions were consolidated, without objection, a separate issue being submitted as to the claim of each plaintiff. The plaintiff, D. M. Whitaker, was a tenant of deceased and paid rent to him; he boarded at deceased's and paid for his board in work. The other plaintiff, M. A. Whitaker, lived a short distance from deceased and was sent for when deceased was stricken with paralysis, went to his house and waited on him, jointly with the other plaintiff (except for a few days), two attendants being needed, till his death. Neither of plaintiffs was living with testator as a member of his family. He did not stand to them *in loco parentis* as in *Dodson v. McAdams,* 96 N. C., 149, nor were they "members of his family" as in *Callahan v. Wood,* 118 N. C., 752, and the presumption of an implied promise to pay for services rendered is not rebutted upon the evidence in this case, from the mere fact that the deceased was their grandfather. It was therefore not error to refuse to charge that the plaintiffs "being grandchildren, could not recover unless there was a contract to pay for their services, and there was no evidence of any contract."

The plaintiffs presented their claims to the defendant, who not paying them at once, they began action within 52 days after qualification of defendant as executor. The evidence of plaintiffs was that the defendant said he would not pay "until forced to do so by law." His testimony was that he replied that "he would see his counsel, that he had nothing in hand to pay then." The jury awarded each of the plaintiffs one-half of the amount he claimed. The defendant excepted to the refusal of the issue "Were the claims of plaintiffs unreasonably delayed and did defendant refuse to refer the same?" and also to the judgment taxing him with the costs upon the ground that unreasonable delay had not been

made in payment of the debt and the defendant had not re-fused to refer the claim.

The general rule, Code, Section 525, states "costs shall be allowed, of course, to the plaintiff upon a recovery," in the following cases: (1) Judgments for recovery of real prop-erty; (2) Of personal property; (3) In actions of which a justice of the peace has no jurisdiction; (4) The restric-tions upon the amount of costs laid by this sub-section, 4, do not apply to this case. Section 527 embraces this case, however, as it provides, "In other actions, costs may be al-lowed or not, in the discretion of the court." But all the cases, both those in Sections 525 and 527 are subject (be-sides some other exceptions) to the exception in Code, Section 1429, "No costs shall be recovered in any action against an executor, administrator or collector unless it appears that payment was unreasonably delayed or neglected, or that the defendant refused to refer the matter in controversy," in which events this section makes it discretionary with the court to award the costs either against the defendant person-ally or against the estate. Under the former system when a judgment *quando,* i. e., a judgment merely ascertaining the debt, was obtained, the plaintiff did not recover any judg-ment for costs. As all judgments against an estate are since the Code in the nature of judgments *quando,* to be paid ratably in their class, (unless secured by a lien) the Code, Section 1429, adopted the same general rule "No costs shall be recovered in any action against an executor, administra-tor or collector," subject to this exception *"unless* it appears that payment was unreasonably delayed or neglected, or that the defendant refused to refer the matter in controversy." The burden was upon the plaintiffs to show that they were entitled to recover costs by coming within the exception. They offered no evidence of a request by them, or refusal by defendant, to refer. *Prima facie* this action having been begun in 52 days after qualification of the defendant, pay-

ment was not "unreasonably delayed or neglected," *May v. Darden,* 83 N. C., 239; *Morris v. Morris,* 94 N. C., 618, but if the claim was denied by defendant, then the plaintiff would have been entitled to bring action at once under Code, Section 1427. This would have made it essential that the court should have submitted an issue upon the conflicting evidence as to such denial but for the fact that the verdict of the jury giving the plaintiffs only one half of their claim is conclusive that if the plaintiffs' version was correct, that the defendant refused payment, yet nevertheless there was not an unreasonable delay or neglect. The authorities are numerous that "Where there is a material reduction in favor of the defendant between the claims presented, and the amount allowed on the trial, refusal to pay it as prescribed is not regarded as unreasonable." See cases collected, 8 Eng. Pl. & Pr. 732. In this case the defendant only did his duty in protecting the estate against an unreasonable demand.

The judgment will be modified below by rendering judgment in favor of defendant against plaintiffs for the costs of the action. The costs of the appeal being in the discretion of the court, Code, Section 527 (2) each party will pay his own costs.

Modified.