J. C. THOMPSON v. HARNETT COUNTY, A BODY POLITIC AND CORPORATE, AND J. B. ENNIS, J. S. BARKER, G. R. NOEL, E. L. COOK, AND A. A. CAMERON, AS THE BOARD OF COUNTY COMMISSIONERS OF HARNETT COUNTY.

(Filed 13 October, 1937.)

**Taxation § 4—Vote is not necessary for issuance of county bonds to refund township bonds constituting valid existing debt of county.**

Defendant county proposed to issue bonds to refund bonds of several of its townships, which bonds constituted a valid existing debt of the county, the county having received the benefit of the proceeds of the bonds and having agreed to assume the indebtedness prior to the adoption of the amendment to Art. V, sec. 4. Plaintiff contended that the county bonds could not be issued without a vote by mandate of Art. V, sec. 4, as amended. *Held:* The proposed county bond issue was to refund a valid existing debt of the county within the meaning of Art. V, sec. 4, as amended, and under the exception therein provided a vote is unnecessary, nor could the means for the repayment of the bonds be adversely affected by any constitutional change.

APPEAL by plaintiff from *Harris, J.,* at Chambers, 26 June, 1937. From HARNETT. Affirmed.

This is a motion in the cause, filed 26 June, 1937. The prayer was: "Wherefore, the plaintiff prays that the county commissioners be permanently enjoined and restrained from carrying out their proposed scheme of refunding the township indebtedness by an issuance of county bonds."

The motion came on for hearing and the following judgment was rendered: "This cause coming on to be heard before the undersigned judge, holding the courts of the Fourth Judicial District, at Chambers, both the plaintiff and the defendants being represented by counsel, and having waived all notice, agreed to the hearing of the cause at this time and place, the court finds the following facts and conclusions of law: (1) That the bond issues of the several townships of Harnett County referred to in the complaint constitute a valid, existing indebtedness of the several townships of Harnett County as set forth in the original complaint. (2) That this indebtedness was incurred for the benefit of the county as a whole and the county has a right and has agreed in its

proposed issuance of new bonds to assume the said indebtedness, and the said agreement on the part of the county was made prior to the adoption of the amended section 4 of Article V of the Constitution in 1936. (3) That the proposed bond issue of Harnett County is for the purpose of funding a valid existing debt within the meaning of the amended section 4 of Article V of the Constitution. Therefore, the motion of the plaintiff for an injunction is denied and the proposed issuance of bonds is declared to be valid and lawful exercise of the authority vested by law in the board of commissioners. This 26 June, 1937. W. C. Harris, *Judge Presiding,* etc."

To the foregoing judgment plaintiff excepted and assigned error and appealed to the Supreme Court.

*Jernigan, Godwin & Strickland for plaintiff.*
*H. C. Strickland, I. R. Williams, and Ross & Ross for defendants.*

CLARKSON, J. The General Assembly of North Carolina, at its session of 1935, submitted several amendments to be voted on by the qualified voters of the State at the next general election, which was in November, 1936. The following one was ratified, which is now Article V, sec. 4, of the Constitution of North Carolina, and reads as follows: "The General Assembly shall have the power to contract debts and to pledge the faith and credit of the State and to authorize counties and municipalities to contract debts and pledge their faith and credit, for the following purposes: To fund or refund a valid existing debt; to borrow in anticipation of the collection of taxes due and payable within the fiscal year to an amount not exceeding fifty per centum of such taxes; to supply a casual deficit; to suppress riots or insurrections, or to repel invasions. For any purpose other than these enumerated, the General Assembly shall have no power, during any biennium, to contract new debts on behalf of the State to an amount in excess of two-thirds of the amount by which the State's outstanding indebtedness shall have been reduced during the next preceding biennium, unless the subject be submitted to a vote of the people of the State; and for any purpose other than these enumerated the General Assembly shall have no power to authorize counties or municipalities to contract debts, and counties and municipalities shall not contract debts, during any fiscal year, to an amount exceeding two-thirds of the amount by which the outstanding indebtedness of the particular county or municipality shall have been reduced during the next preceding fiscal year, unless the subject be submitted to a vote of the people of the particular county or municipality. In any election held in the State or in any county or municipality under the provisions of this section, the proposed indebtedness must be ap-

proved by a majority of those who shall vote thereon. And the General Assembly shall have no power to give or lend the credit of the State in aid of any person, association, or corporation, except to aid in the completion of such railroads as may be unfinished at the time of the adoption of this Constitution, or in which the State has a direct pecuniary interest, unless the subject be submitted to a direct vote of the people of the State, and be approved by a majority of those who shall vote thereon."

This case was before this Court and the decision filed 18 March, 1936—*Thomson v. Harnett County et al.*, 209 N. C., 662.

It is contended by plaintiff that the above amendment restricted the power of the county to issue bonds, unless submitted to a vote of the people of the particular county. We cannot so hold. It does to some extent, but one of the exceptions is "to fund or refund a valid existing debt." The objection complained of by plaintiff was a valid existing debt of the county, and so decided in the *Thomson case, supra.* In that decision the judgment of the court below was affirmed, which reads, in part, as follows (p. 663) : "That the county of Harnett as a whole received a direct benefit from the expenditure of the money represented by said indebtedness, and the proposed underwriting of said indebtedness by the issuance of county bonds is in accordance with law and for a county purpose. That the carrying out of the proposed arrangements, as outlined in the complaint, will violate no constitutional right of the plaintiff, or any other taxpayer, but will inure to the benefit of the plaintiff and all other taxpayers of the county as a whole. Therefore, the motion of the plaintiff for an injunction is denied, the proposed issuance of bonds is declared to be a valid and lawful exercise of the authority vested by law and in said board of commissioners, and the action is therefore dismissed. N. A. Sinclair, *Judge.*"

In *Nash v. Comrs. of St. Pauls,* 211 N. C., 301 (303), it is said: "It is recognized that the bonds now outstanding, which defendants seek to refund, could not be adversely affected by any act of assembly under the constitutional change, 'for a state, no more by constitutional amendment than by statute, can impair the vested rights held by the creditor in assurance of his debt' (citing authorities). It is likewise well established that the laws in force at the time and place of the making of contracts enter into and become integral parts thereof as much so as if they had been expressly incorporated therein," citing authorities.

For the reasons given, the judgment of the court below is
Affirmed.