W. S. BAILEY, JESSE LANE MOORE AND HUSBAND, JOHN E. MOORE, SADIE LANE HORN AND HUSBAND, F. HORN, REUBEN ETHERIDGE, WILMA ETHERIDGE, THERESA ETHERIDGE, MARY ETHERIDGE AND HERBERT ETHERIDGE, THE LAST FOUR BY THEIR GUARDIAN, T. A. BAUM AND A. D. ETHERIDGE, PETITIONERS, v. J. D. HAYMAN, DEFENDANT.

(Filed 30 September, 1942.)

**1. Statutes § 5: Costs §§ 2, 3—**

C. S., 1241, allowing plaintiffs costs as of course, upon recovery, in an action involving title to real estate, and C. S., 1243, providing apportionment of costs in a special proceeding for the division or sale of realty or personalty are related sections, pertain to the same subject matter, and must be construed *in pari materia*, and any conflicts, etc., reconciled.

**2. Actions § 8: Partition § 5: Ejectment § 9a—**

The plea of sole seizin converts a special proceeding for partition into a civil action to try title, and it becomes in effect an action in ejectment, and title being directly involved, there can be no partition until the issue thus raised is adjudicated.

**3. Same: Costs § 3—**

The plea of sole seizin converts a special proceeding for partition into a civil action to try title, and the party thus raising such issue must pay the costs thereby incurred if he does not sustain his plea.

**4. Costs §§ 2, 3—**

Where, in a petition for partition, defendant pleads sole seizin, and the trial of such issue results in a verdict for plaintiffs, and in judgment that the parties are tenants in common and appointing a commissioner to make sale, plaintiff is entitled to all costs from the filing of the answer through the final judgment below, that is, while the case was pending on the civil issue docket. This does not include costs of reference which may be taxed in the discretion of the court, C. S., 1244 (6). Costs of the partition proceeding, exclusive of the issue of sole seizin, may be apportioned. C. S., 1244 (7).

**5. Costs § 2—**

The Superior Court is without power to modify former orders of the Supreme Court taxing costs on former appeals, as costs thus incurred are no part of Superior Court costs, but are taxed by, and executions issue out of, the Supreme Court. C. S., 1256.

**6. Trial § 29a—**

The court in its charge having made, by inadvertence, a patent error, and having at once corrected this *lapsus linguæ* and instructed the jury to disregard it, and later in the charge having again called its mistake to the attention of the jury, in language understandable to men of ordinary intelligence, and having correctly stated the law on this aspect of the case, an exception thereto is untenable.

APPEAL by plaintiffs and by defendant from *Williams, J.,* at June Term, 1942, ·of PASQUOTANK. On plaintiffs' appeal: Modified and affirmed. On defendant's appeal: No error.

Petition for partition in which the defendant pleaded sole seizin. The cause was here on appeal at the Fall Term, 1940, *Bailey v. Hayman,* 218 N. C., 175, 10 S. E. (2d), 667, and again at the Fall Term, 1941, *Bailey v. Hayman,* 220 N. C., 402, 17 S. E. (2d), 520. The facts are fully stated in those opinions.

After the last appeal the cause was, on motion of plaintiffs, removed to the Superior Court of Pasquotank County for trial. On the trial below there was a verdict for the plaintiffs. The court entered judgment decreeing that the parties are tenants in common of the *locus in quo* and appointing commissioners to make sale for partition. It was further ordered and decreed "that all the costs of this action as of the date of signing this judgment, be paid by the parties to this action in proportion to the respective interests of each in the land in controversy, including Supreme Court costs and referee's fee." Both plaintiffs and defend- . ant excepted and appealed.

*R. B. Bridger, Martin Kellogg, Jr., and. Worth & Horner for plaintiffs.*
*J. Henry LeRoy and McMullan & McMullan for defendant.*

BARNHILL, J. The action of the court in taxing the costs to be paid proportionately by the several parties to this action must be held for error.

C. S., 1241, reads, in part: "Costs shall be allowed of course to the plaintiff, upon a recovery . . . (1) In an action for the recovery of real property, or when a claim of title to real property arises on the pleadings, or is certified by the court to have come in question at the trial." C. S., 1244 (7), provides that all costs and expenses incurred in special proceedings for the division and sale of either real or personal property under the chapter entitled Partition shall be taxed against either party or apportioned among the parties in the discretion of the court. These are related sections of Art. 3, ch. 23, Consolidated Statutes, and pertain to the same subject matter. They must be construed *in pari materia* and any conflict or contradiction, real or apparent, in their terms must be reconciled so as to give effect to both and to express the true intent of the Legislature. *Guilford County v. Estates Adm., Inc.,* 212 N. C., 653, 194 S. E., 295; *S. v. Calcutt,* 219 N. C., 545, 15 S. E. (2d), 9. It is so declared in *Whitaker v. Whitaker,* 138 N. C., 205, where it is held that C. S., 103, constitutes an exception to C. S., 1241.

The primary purpose of partition proceedings is to sever the unity of possession. *McKimmon v. Caulk,* 170 N. C., 54, 86 S. E., 809. Title is

not at issue. The parties merely seek the aid of the court under the statute in apportioning the property among the several claimants to the end that each may own his share in severalty. This presupposes title in the claimants. Manifestly, in such cases each tenant in common should pay his proportionate part of the costs and expenses as provided by C. S., 1244 (7).

While the clerk has original jurisdiction of special proceedings for the partition of land held by tenants in common, this jurisdiction is divested or suspended by a plea of *non tenent insimul* or of sole seizin. He is required to forthwith transfer the cause to the civil issue docket for trial as in case of other civil actions. C. S., 758. *Haddock v. Stocks,* 167 N. C., 70, 88 S. E., 9.

The plea of sole seizin converts the special proceedings into a civil action to try title. It becomes, in effect, an action in ejectment. *Alexander v. Gibbon,* 118 N. C., 796; *Sipe v. Herman,* 161 N. C., 107, 76 S. E., 556; *Parker v. Taylor,* 133 N. C., 103; *Bullock v. Bullock,* 131 N. C., 29; *Ditmore v. Rexford,* 165 N. C., 620, 81 S. E., 994; *Huneycutt v. Brooks,* 116 N. C., 788; *Higgins v. Higgins,* 212 N. C., 219, 193 S. E., 158; *Gibbs v. Higgins,* 215 N. C., 201, 1 S. E. (2d), 554. Title is directly involved and there can be no partition until the issue thus raised has been adjudicated.

The defendant had the right to put the title to the property described in the petition in issue and to claim it as his own under his plea of sole seizin. When he elected so to do he compelled plaintiffs to prove title which otherwise was not at issue. The costs incurred while the cause was pending on the civil issue docket for the trial of the issue thus raised are not part of the costs of partition. They are, instead, costs incident to the trial of a case wherein "a claim of title to real property arises on the pleadings." They were incurred in adjudicating the issue the defendant, by his plea, had raised. Having raised the issue and lost he must pay the bill.

The plaintiffs are entitled to judgment for all costs incurred from and after defendant's answer was filed through the final judgment below, that is, all costs incurred while the case was pending on the civil issue docket. This does not include costs of reference which may be taxed in the discretion of the court. C. S., 1244 (6). The initial costs incurred before answer was filed and those to be incurred in the partition subsequent to the judgment below may be apportioned under C. S., 1244 (7).

The court below was without jurisdiction or authority to modify former orders of this Court taxing costs incurred on former appeals herein, or to apportion such costs among the parties contrary to the terms of such orders. Costs thus incurred are no part of the Superior Court

costs. They are taxed by, and executions issued out of, this Court. C. S., 1256, rule 43.

DEFENDANT'S APPEAL.

During the course of its charge the court below instructed the jury as follows:

"The court charges you that if, from the evidence and under the rules of law as laid down by the Court, you find that the lands in controversy are embraced within the description contained in the deed from Thos. J. Markham, Commissioner, to Hattie Dough, then it would be your duty to answer the first issue Yes." The defendant excepts to this charge and this exception is the basis of his only assignment of error.

If the *locus in quo* was embraced in the Markham deed then plaintiffs have no interest therein. Hence, the charge as given is clearly erroneous in that the answer, upon such findings, would be No, rather than Yes. It is so admitted by plaintiffs.

It further appears, however, that counsel for defendant immediately called this *lapsus linquæ* to the attention of the court, stating in the presence of the jury that the judge should have said the answer would be No. The court then instructed the jury: "You will disregard that, Gentlemen of the Jury, and will answer the first issue No if you find from the evidence and by the greater weight thereof, under the rules of law as laid down by the court, that the lands in controversy are embraced within the description contained in the Markham deed."

Counsel for the defendant properly called the attention of the court to its slip of the tongue in stating what the answer would be. The court immediately withdrew the erroneous charge and clearly and correctly instructed the jury as to the effect of a finding of the facts outlined and the conditions upon which the issue should be answered in the negative. Again later it correctly stated the law on this aspect of the case. The attention of the jury was called to the error with a view to correcting it and of removing the wrong impression made by the erroneous instructions. This was done in language men of average intelligence could understand. The correction was permissible. *May v. Grove,* 195 N. C., 235, 141 S. E., 750. And the court did all that was required. *Jones v. R. R.,* 194 N. C., 227, 139 S. E., 242; *Champion v. Daniel,* 170 N. C., 331, 87 S. E., 214; *Jones v. Ins. Co.,* 151 N. C., 54, 65 S. E., 602; *Wilson v. R. R.,* 142 N. C., 333.

In the *Champion case, supra,* it is said: "These references to our cases are sufficient to show how careful, if not exacting, we have been to require that if a judge has given conflicting instructions and wishes to correct the erroneous one, he should refer to the error and withdraw it from his charge, or so explain the matter to the jury that they may certainly understand that he means to correct the error and to give them the right

instructions as to the law." The court. below fully complied with this rule. The exception of the defendant cannot be sustained.

On plaintiffs' appeal: Modified and affirmed.

On defendant's appeal: No error.